Braden v. Leibenguth, Trustee.

No. 14,583.

BRADEN v. LEIBENGUTH, TRUSTEE.

TOWNSHIP TRUSTEE.—*Action against as School Trustee.*—*Assignment of Error against as Trustee of Civil Township.*—*Effect of.*—Where the appellant, by his complaint filed in the circuit court, complained of the acts of the appellee in the capacity of school trustee, and in the assignment of error, which is the appellant's complaint in the Supreme Court, proceeded against the appellee in his capacity as trustee of the civil township, no question is presented by the assignment of error. The assignment of error must be against the person in whose favor the alleged erroneous ruling was made. The township trustee represents two corporations—the civil and the school township. The two corporations have as distinct and separate an existence in law as regards their rights and liability to sue and be sued as if they were two separate territorial subdivisions, or two distinct persons or corporations, though they are represented by the same officer.

From the Clinton Circuit Court.

*F. F. Moore,* for appellant.

*J. V. Kent,* for appellee.

OLDS, J.—This action in the circuit court was entitled William M. Braden against James M. Leibenguth, but it was disclosed by the facts alleged in the complaint that it was a proceeding to enjoin said Leibenguth as school trustee of Washington township, in Clinton county, from erecting a school-house upon ground condemned and paid for by his predecessor in office, which proceedings to condemn the site for school-house were by said Braden appealed to this court (*Braden* v. *McNutt,* 114 Ind. 214), and the judgment affirmed.

Leibenguth became the successor of McNutt, and adopted the site so selected and condemned by McNutt, trustee, and was proceeding to erect a school-house thereon when these proceedings were commenced to enjoin him.

We have looked into the record, and a proper conclusion seems to have been reached.

It is urged by the appellee that no question is presented

by the assignment of error, for the reason that error is not properly assigned, or assigned in the proper cause, that is to say, the judgment appealed from was rendered in the cause of William M. Braden against James M. Leibenguth, or if it can be construed to be a judgment in a case wherein Leibenguth was sued in any official capacity, it was as school trustee of the school township, and the cause is entitled in this court and error assigned as a case against him as trustee of the civil township.

We have in this State two distinct legal municipal township corporations in the same territorial subdivision, represented by one and the same person.

The trustee represents the two corporations—the civil and the school township—and it will not do to sue a trustee in his capacity of school trustee of his township, and appeal and assign error against him as trustee of the civil township, or to reverse the parties. A trustee can not bring suit in the circuit court as school trustee, and if judgment be rendered against him, appeal and assign error in the capacity of trustee of the civil township. The two corporations have as distinct and separate existence in law as regards their rights and liability to sue and be sued as if they were two separate territorial subdivisions, or two distinct persons or corporations, though they are represented by the same officer. The trustee may be liable in one capacity and not in the other; one corporation he represents may be liable and not the other. Sections 4433, 4438 and 4444, R. S. 1881 ; *Carmichael* v. *Lawrence*, 47 Ind. 554; *City of Huntington* v. *Day*, 55 Ind. 7; *Jarvis* v. *Shelby Tp.*, 62 Ind. 257; *Harrison Tp.* v. *McGregor*, 67 Ind. 380; *McIlwain* v. *Adams*, 46 Ind. 580; *Hinkle* v. *Shelley*, 100 Ind. 88.

The assignment of error, like a complaint, must be against the proper party. One person can not be sued in the court below and on appeal assign error against another. The assignment of error must be against the person in whose favor

the alleged erroneous ruling was made.  *Orton* v. *Tilden,* 110 Ind. 131 ; *Sparklin* v. *Wardens, etc.,* 119 Ind. 535.

In entitling the cause, and in the assignment of error in this court, the appellee is, for the first time, designated as trustee of Washington township ; this names him in his capacity as trustee of the civil township, and whether he be treated as a party to the proceedings and judgment below as an individual, or in his capacity as trustee of the school township, can make no difference.  The appellant, by his complaint filed in the circuit court, complained of the acts of the appellee, in the capacity of school trustee.  In the assignment of error, which is the appellant's complaint in this court, he proceeds against the appellee in his capacity as trustee of the civil township.

There is no question presented by the assignment of error. Judgment affirmed, with costs.

Filed Nov. 22, 1890; petition for a rehearing overruled March 20, 1891.