Brown *et al. v.* Trexler *et al.*

No. 15,381.

# BROWN ET AL. *v.* TREXLER ET AL.

ASSIGNMENT OF ERRORS.—*Names of Parties.—Omission of.*—An assignment of errors is defective in which neither the names of all the appellants, nor the christian name of one of the appellees appear either in the title or the body of the assignment of errors.

APPEAL.—*Dismissal of.—Assignment of Errors.—Failure to Name Parties.— Notice to Co-Parties.*—A failure to name all the parties in an assignment of errors, or a failure to give notice to co-parties, against whom judgment was rendered in the court below, is a ground for the dismissal of the appeal.

SAME.—*Objection to Assignment of Errors.— Waiver of.—Submission of Cause.— What Does not Constitute.*—An agreement on the part of appellees to allow counsel for appellant an extension of time for filing his brief, with a request that, when the briefs were filed, the case should be passed upon in the regular way, and afterwards a second agreement for an extension, in which the right to make any legal objection to the record and assignment of errors was reserved, did not constitute a waiver of any objection to the assignment of errors, or a submission of the cause by agreement.

From the Noble Circuit Court.

*R. Lowry, J. E. McCloskey, J. D. Terrall* and *J. W. Hannan,* for appellants.

*O. L. Ballou, J. S. Drake* and *F. D. Merritt,* for appellees.

OLDS, J.—This action originated before the board of commissioners of La Grange county, on a petition by the appellees to vacate a highway.

The appellant, Jacob S. Brown, and a number of others, filed a remonstrance. An appeal was taken to the La Grange Circuit Court. The venue was then changed to the Elkhart Circuit Court, and then to the Noble Circuit Court, where the case was finally disposed of by a dismissal, and an appeal prosecuted to this court.

In taking up the case for consideration and decision, we are met at the threshold, by counsel for the appellees, with an objection to the consideration of the questions discussed by counsel for appellant in their brief, for the reason that there

is no sufficient assignment of error, and a dismissal of the appeal is asked.

In the assignment of error the cause is entitled, " Jacob S. Brown, Robert McCloskey and others, appellants, *v.* Reuben Trexler, Luke Silby, H. Omstead and John Senburn, appellees." Neither the names of all of the appellants nor the christian name of appellee Omstead appear either in the title or the body of the assignment of error. That this assignment of error is defective, is so well settled as to scarcely need the citation of authority. See *Thoma* v. *State*, 86 Ind. 182, and authorities there collected ; *Snyder* v. *State, ex rel.*, 124 Ind. 335 ; *Arbuckle* v. *Swim*, 123 Ind. 208.

The assignment of error is insufficient.

Judgment affirmed.

Filed Feb. 25, 1892.

## ON PETITION FOR A REHEARING.

OLDS, J.—The appellants in this case were defendants in the court below, being remonstrators against the vacation of the highway. It appears from the record that a large number of other persons joined with Jacob S. Brown and Robert McCloskey in remonstrating against the vacation of the highway. The appeal from the board of commissioners was dismissed, and final judgment rendered against all of the defendants, and all of the defendants prayed an appeal to this court.

The wording is a little peculiar. It is that all of the defendants, and said defendants, Jacob S. Brown and Robert McCloskey, separately and severally pray an appeal. There is a bill of exceptions in the record which shows exceptions by all of defendants. Brown and McCloskey's names appear the same as in the prayer for an appeal.

As the record stands it shows a final judgment rendered in the circuit court against appellants, Brown and McCloskey, and a number of others. An appeal is taken to this court, and there is a failure to name the other parties against

whom, together with Brown and McCloskey, a joint judgment is rendered, and no notice is served upon them, nor is there any refusal to join in the appeal. The transcript was filed in this court on February 7th, 1890.

There is no proper assignment of error, if all of the parties have joined in the appeal; and if they have not joined in the appeal, and Brown and McCloskey alone appeal, then these two parties named have not perfected their appeal by proper notice to their co-defendants in the court below. In either event the case is not properly in this court.

From the assignment of errors, it appears that some parties, in addition to Brown and McCloskey, appeal, but if so, who are they? Without an assignment of errors stating the names of the parties appealing, it is impossible to tell who in fact does appeal.

The assignment of error takes the place of a complaint in this court, and it must show who are parties. It is suggested that the words " and others " in the title of the cause in the assignment of errors should be treated as surplusage, but, as we have said, that places the parties named in no better shape, for they have given no notice as required by section 635, when only a part of several co-parties appeal.

It is contended that the appellees waived any objection to the assignment of error by entering into an agreement to allow counsel for appellants an extension of time for filing their brief. We do not think there was any waiver by this agreement. The time of filing their brief was twice extended. The first contained a statement in the shape of a request that when the briefs were filed the cause should be passed upon in the regular way. Afterwards, there was a second agreement for an extension filed, in which the right to make any legal objections to the record and assignment of errors was reserved.

We are cited by counsel to authorities holding, in effect, that the submission of a cause by an agreement, or joining issues on the merits of the case, is a waiver of the

right to dismiss the cause on account of a failure to give notice to co-parties against whom judgment was rendered below, or on account of a defective assignment of errors, but the trouble is they are not applicable to the facts in this case. This cause was not submitted by agreement, and the first step taken by the appellees in the case was to file their brief, in which the first point they make, and the first question they discuss, is the sufficiency of the assignment of errors, and they insist that the appeal should be dismissed. They follow with a discussion of the questions presented by the appellants, but they do so upon the theory that the court may pass upon their motion to dismiss adversely to them.

It has been uniformly held by this court that a failure to name the parties in an assignment of errors, or a failure to give notice to co-parties, against whom judgment was rendered in the court below, is a ground for dismissal. *Koons* v. *Mellett*, 121 Ind. 585, and authorities thus cited. *Hunderlock* v. *The Dundee, etc., Co.*, 88 Ind. 139 ; *Cranmore* v. *Bodine*, 65 Ind. 25; *Reeder* v. *Maranda*, 55 Ind. 239 ; *Aylesworth* v. *Milford*, 38 Ind. 226 ; Elliott's App. Proc., section 426. Forced submission under the law does not waive any rights the parties would otherwise have. *Heller* v. *Clark*, 103 Ind. 591.

It has also been uniformly held that the assignment of errors must contain the names of all the parties, and must be made within one year from the date of the rendition of the judgment. *Lawrence* v. *Wood*, 122 Ind. 452; *Snyder* v. *State, ex rel.*, 124 Ind. 335 ; *Braden* v. *Leibenguth*, 126 Ind. 336 ; *Bacon* v. *Withrow*, 110 Ind. 94; Elliott's App. Proc., section 322.

The mandate should have been that the appeal be dismissed, instead of an affirmance of the judgment, and it is modified to that effect. The petition for a rehearing is overruled, and the mandate affirming the judgment is set aside, and the appeal is dismissed.

Filed June 17, 1892.