Gourley v. Embree.

No. 16,642.

GOURLEY v. EMBREE.

ASSIGNMENT OF ERRORS.—*Defect in Parties.*—*Assignment Unavailing.*—
If an assignment of errors fail to contain the names of all the parties
affected by the judgment appealed from, the assignment will be de-
fective and unavailing.

From the Gibson Circuit Court.

*W. M. Land* and *J. B. Gable*, for appellant.

*L. C. Embree*, for appellee.

DAILEY, J.—This was an action, in the Gibson Cir-
cuit Court, by the appellee, Eleanor Embree, against the
appellant, Eva Gourley, and Elisha R. Embree, George
Kendle and Thomas R. Paxton, to enforce an alleged
mortgage lien upon certain real estate.

The sixth rule of this court prescribes that "the as-
signment of errors shall contain the full names of the
parties," and it has been the consistent holding of this
court that a failure to set forth the full names of all the
parties to the judgment appealed from renders the as-
signment of error defective and unavailing. Elliott's
App. Proced., section 322.

The assignment of errors constitutes the appellant's
complaint in the Supreme Court, and by it he must
bring the proper parties before the court, and properly
set forth the causes upon which he relies for relief. A
failure to do any of these things is fatal to his standing
in court. He can not have a lawsuit by himself, nor
can he select from the parties to the final judgment such
as he chooses to name, and omit the others. He must
name all who are affected by the judgment appealed from.
If he has not done so, the assignment of error will be
held unavailing whenever the defect is brought to the

notice of the court. Elliott's App. Proced., section 401; *Braden* v. *Leibenguth*, 126 Ind. 336.

The assignment of error upon the record, in this case, names but two parties, Eva Gourley, the appellant, and Eleanor Embree, the appellee. A casual examination of the transcript discloses that the parties to the cause were Eleanor Embree, the plaintiff, and the defendants, Eva Gourley, Elisha R. Embree, George Kendle and Thomas R. Paxton. All the defendants appeared, filed their demurrers and answers, participated in the trial and were equally bound and affected by the final judgment from which this appeal is prosecuted. The names of Elisha R. Embree, George Kendle and Thomas R. Paxton are wholly omitted from the assignment of error, and for this reason no question is presented for decision.

The appeal is, therefore, dismissed.

Filed March 14, 1894.