Filed October 16, 1895.

---

No. 17,110.

LILLY ET AL. *v.* SOMERVILLE ET AL.

APPELLATE PROCEDURE.—*Notice.*—*Appeal by Some of Several Co-Parties.*—*Dismissal.*—An appeal by some of several co-parties will be dismissed where the other co-parties have not been served with notice as required by section 647, R. S. 1894 (section 635, R. S. 1881).

SAME.--*Parties Appellant.*--*Mistake in Name.*--*Idem Sonans.*--*Notice.*-- The fact that one of several co-parties appealing is named as Willard G. Bracket raises no presumption that he is the same person as a party to the suit in the lower court described as William G. Brackett, so as to make it unnecessary to serve notice of the appeal upon the latter.

From the Montgomery Circuit Court.

*J. L. Shrum,* for appellants.

*J. West,* for appellees.

HOWARD, C. J.—This was an action to quiet title to real estate, brought by appellees, as plaintiffs, against "Channing Lilly, William G. Brackett and Amandesis H. Soneman, John P. Bible, sheriff," as defendants.

There was judgment quieting title "against all adverse claims of the defendants, or any of them."

The assignment of errors shows that the appeal from this judgment was taken by "Channing Lilly, Willard G. Bracket and Amadeasis H. Soneman."

On January 16, 1894, the appellees, having first given notice of their intention to do so to appellants, filed their motion to dismiss the appeal, for several reasons, among them that notice to co-parties not appealing from the judgment, had not been given.

On January 30, 1894, the appellants filed notice to John P. Bible, sheriff, of the appeal, together with his written refusal to join therein. No notice, however, was given of the appeal to the defendants, William G. Brackett or Amandesis H. Soneman; neither were they in any way made parties to the appeal, nor have they declined to join therein.

The consideration of the motion to dismiss was postponed until the final hearing of the case; but appellants have since made no answer to the motion, nor do counsel now take any notice of it in their brief.

Counsel for appellees, however, still insist upon the dismissal of the appeal, for the reasons already given, stating that appellees "have not joined in the assignment of errors and have not signed an agreement for submission, but the submission has been forced under the law;" citing also *Brown* v. *Trexler*, 132 Ind. 106, to the rule that "Forced submission under the law does not waive any rights the parties would otherwise have."

We are of opinion that the position of appellees is well taken, and that their motion to dismiss the appeal must be sustained.

In *Gregory* v. *Smith*, 139 Ind. 48, it was held that, under section 647, R. S. 1894 (section 585, R. S. 1881), when a part of several co-parties appeal from a judgment

against all of them, those appealing must join all such co-parties as co-appellants, and give notice to those not appealing.    See also *Holloran* v. *Midland R. W. Co.*, 129 Ind. 274; *Brown* v. *Trexler, supra.*

In the case of the defendant, "Amandesis H. Soneman," the first, or christian, name is so unusual in itself, and so similar to the christian name of the appellant, "Amadeasis H. Soneman," that, on the principle of *idem sonans,* we might, perhaps, take both names to indicate the same person.    But, however this may be, certainly we cannot take the defendant, "William G. Brackett," to be the same person as the appellant, "Willard G. Bracket."    The defendant, William G. Brackett, had a right to appeal, and if he should choose to do so, certainly his appeal could not be dismissed on the ground that Willard G. Bracket, another person, had appealed in his stead.    If, in fact, both names indicate one and the same person, counsel for appellants, in the period of more than one year since the motion to dismiss was filed, should have taken some means to advise the court of such fact.

In *Brown* v. *Trexler, supra,* the court held the assignment of errors defective, because the christian name of one of the appellants was not given, the name being written "H. Omstead."    In the present case the appellant's name is given as Willard, while the defendant's name is William.    The assignment of errors is certainly defective.    For that reason, and because notice to the co-parties not appealing  was not given, the appeal must be dismissed.

Filed June 13, 1895 ; motion to reinstate overruled October 16, 1895.