The City of South Bend *et al. v.* Thompson.

---

THE CITY OF SOUTH BEND ET AL. *v.* THOMPSON.

[No. 2,157.   Filed January 7, 1898.]

APPEAL AND ERROR.—*Assignment of Error.—Parties.*—The assignment of errors is the appellant's complaint in the appellate court and must contain the full names of all the parties to the appeal. *p. 20.*

SAME.—*Dismissal.*—Where there was no judgment for or against the only appellant named in the assignment of errors, the appeal will be dismissed by the appellate court of its own motion. *p. 21.*

From the St. Joseph Circuit Court. *Appeal dismissed.*

*Wilbert Ward,* for appellants.

*Alex. Wilhelm,* for appellee.

ROBINSON, C. J.—The record contains a complaint in the case entitled "Jesse Thompson v. City of South Bend (a municipal corporation), Peter B. Johnson, James H. Roberts, Patrick A. Joyce, Louis A. Hull, William Cassidy, George Fish, John Niergodski." The defendants answered jointly, and upon the issues formed the jury found for the city of South Bend, Peter B. Johnson, James H. Roberts, Patrick A. Joyce and Louis A. Hull, and found for the plaintiff and against Cassidy, Fish and Niergodski in the sum of $40.00. Upon this verdict the court rendered the following judgment: "It is therefore considered and adjudged by the court that the plaintiff, Jesse Thompson, recover of and from the defendants William Cassidy, George Fish and John Niergodski said sum of forty ($40.00) dollars together with his costs and charges in this cause laid out and expended."

In the assignment of errors the parties are there designated: "City of South Bend, *et al.,* appellants, v. Jesse Thompson, appellee. The appellant avers that there is error in the proceedings in this:" Following this is the assignment of errors signed by the attorney for appellants. Such assignment of errors is in disregard of rule six of this court, which requires that the assignment of errors shall contain the full names of the party.

It has frequently been held that the assignment of errors is the appellants' complaint and the only parties over whom the appellate tribunal obtains jurisdiction are those whose names appear in such assignment. *Snyder* v. *State, ex rel.,* 124 Ind. 335; *Brown* v. *Trexler,* 139 Ind. 499; *State* v. *Hodgin,* 139

Ind. 499; *Thoma* v. *State,* 86 Ind. 182; *Calvert* v. *State,* 91 Ind. 473; *State, ex rel.,* v. *Delano,* 34 Ind. 52; Elliott's App. Proc., sections 300, 322; *Henderson* v. *Halliday,* 10 Ind. 24; *Todd* v. *Wood,* 80 Ind. 429; *Louisville, etc., R. W. Co.* v. *Head,* 71 Ind. 176; *Lang* v. *Cox,* 35 Ind. 470; *Estate of Thomas* v. *Service,* 90 Ind. 128.

The cause was submitted under the law. The appellee has briefed the cause, but has filed no motion to dismiss. But in the absence of any motion, this court is compelled, for the reason that there was no judgment of the lower court, either for or against the only appellant named, to order that the appeal be dismissed. The appeal is dismissed.