## Smith *v.* Holtz et al.

[No. 3,868. Filed May 28, 1901.]

APPEAL AND ERROR.—*Assignment of Error.*—*Court Rules.*—Where the assignment of error does not contain the names of all of the parties the cause will be dismissed under rule six of this court.

From the Vanderburgh Circuit Court. *Appeal dismissed.*

*F. B. Posey* and *D. Q. Chappell,* for appellant.

*Azro Dyer,* for appellees.

WILEY, J.—Action by appellees for possession of real estate and to quiet title thereto. Issues were joined, trial by the court, and at the request of one of the parties the court made a special finding of facts and stated its conclu-sions of law thereon. The conclusions of law were favor-able to appellees, and appellant excepted thereto. Appel-lant moved for a new trial, and his motion was overruled. By his assignment of errors appellant seeks to have reviewed the conclusions of law and the overruling of his motion for a new trial, but the assignment of errors is wholly insufficient to present these questions. Appellees, being five in number, were plaintiffs below. The judgment rendered was in favor of all the appellees, and adjudged that they were the owners, etc., in fee simple, of all the real estate described in the complaint, and that their title thereto should be quieted. In the assignment of errors, the parties are thus designated:

Thomas Smith, appellant, v. Mary Hiltz, Oscar Holtz, et al., appellees.

Rule six of this court, being the same as rule six of the Supreme Court, requires that "the assignment of errors shall contain the full names of the parties". The assignment of errors in the case in hand is a total disregard of this rule. Both the Supreme Court and this court have adhered to the enforcement of this rule. The assignment of errors is the appellant's complaint in an appellate tribunal, and the only parties thus brought before the court, or over whom it acquires jurisdiction, are those whose names appear therein. *City of South Bend* v. *Thompson,* 19 Ind. App. 19; *McClure* v. *Shelburn Coal Co.,* 147 Ind. 119; *Barnett* v. *Bromley Mfg. Co.,* 149 Ind. 606; *Snyder* v. *State, ex rel.,* 124 Ind. 335.

The appeal is dismissed.