## BERKEY ET AL. v. TIPTON LIGHT, HEAT & POWER COMPANY ET AL.

[No. 6,451. Filed June 11, 1908. Rehearing denied October 7, 1908.]

1. APPEAL.—*Parties.*—Where a complaint was filed against Philip McArdle and others, and an amended paragraph was subsequently filed against Peter McArdle and others, to which defendants demurred, a decree being entered for "defendants," an appeal therefrom in which Philip McArdle, but not Peter McArdle, is named as a party to the assignment of errors, must be dismissed for want of jurisdiction. p. 301.

2. SAME.—*Parties.—How Shown.*—Where the assignment of errors names Philip, instead of Peter McArdle, as an appellee, the appeal will be dismissed unless the record itself shows that they are different names for the same person, or that Peter McArdle is answering for Philip McArdle; and the fact that the appeal was taken in term does not affect the case. p. 303.

3. SAME.—*Term-Time.—Requisites.*—A term-time appeal is perfected only by the due filing of a proper bond in the circuit court, and the filing of a transcript on appeal, together with an assignment of errors properly naming all of the parties thereto. p. 303.

From Howard Superior Court; *B. F. Harness*, Judge.

Suit by Philip Berkey and others. From a decree for defendants, plaintiffs appeal. *Appeal dismissed.*

*Gifford & Gifford,* for appellants.
*Oglebay & Oglebay,* for appellees.

HADLEY, J.—This was a suit by appellants against appellees for an injunction. We are confronted by a jurisdictional question presented in a motion to dismiss.

1. The record discloses that the original complaint in two paragraphs was filed by appellants against the Tipton Light, Heat & Power Company and Philip McArdle; that upon affidavit the venue was changed from the Tipton Circuit Court to the Howard Superior Court. Thereafter appellants filed an amended first paragraph of complaint, naming the Tipton Light, Heat & Power Company and Peter McArdle as defendants, Philip

McArdle not being named therein or made a party thereto. Thereafter the record shows that the appellee company and Peter McArdle each filed a separate demurrer to the amended first paragraph of complaint, each of said demurrers being sustained. Appellants withdrew the second paragraph of complaint, refused to plead further, and judgment was rendered on said amended first paragraph, "that plaintiffs take nothing and that the defendants recover of plaintiffs their costs in this suit expended."

In the assignment of errors Philip McArdle is named as appellee, and Peter McArdle is not named therein. The first assignment of error is that the court erred in sustaining the separate demurrer of appellee Philip McArdle to appellants' amended first paragraph of complaint. The record does not show that Philip McArdle filed any such demurrer. It is therefore shown that the cause of action was instituted against the Tipton Light, Heat & Power Company and Philip McArdle; that afterwards, by amended complaint, Peter McArdle was brought into the suit, and upon the ruling upon this amended complaint a joint judgment was rendered in favor of said company and Peter McArdle. This is the only judgment rendered in the cause, and is the judgment appealed from. It is therefore sought in this appeal to reverse a judgment in which Peter McArdle has an interest without making him a party to the appeal. This, under our well-settled practice, cannot be done, the rule being that the assignment of errors must be against the persons in whose favor the alleged erroneous ruling was made. *Braden* v. *Leibenguth* (1890), 126 Ind. 336; *Waldrip* v. *McConnell* (1908), *ante*, 54; *Moon* v. *Cline* (1895), 11 Ind. App. 460.

It is manifest that this court has no jurisdiction to reverse a judgment in favor of Peter McArdle without his having been made a party to the appeal.

Appeal dismissed.

Roby, J., absent.

## On Petition for Rehearing.

HADLEY, J.—Appellants, upon a petition for rehearing, insist that since Philip McArdle was answering to the name of Peter McArdle, this court should not dismiss the appeal, since it is jurisdiction of the person and not the name that should control. There might be something in this contention if there was anything in the record to show that Philip McArdle was answering for Peter McArdle, or that they are different names for the same person. The record does not disclose any such fact. The names Philip McArdle and Peter McArdle are not *idem sonans*, and cannot be presumed to represent one and the same person. If there was anything in the record to show that Peter McArdle was within the jurisdiction of this court a different question might be presented. But there is not. The fact that this is a term-time appeal does not alter the question. While it may be true that the notice of appeal in term is a notice to all parties to the judgment that the appeal will be taken, this notice alone gives this court no jurisdiction, unless followed by the filing of a bond in the lower court, and the filing in this court of a transcript and an assignment of errors, naming all parties to the judgment.

In addition to the authorities cited in the original opinion we add: *Garside* v. *Wolf* (1893), 135 Ind. 42; *Gregory* v. *Smith* (1894), 139 Ind. 48; *Hunderlock* v. *Dundee Mortgage, etc., Co.* (1892), 88 Ind. 139.

Petition for rehearing overruled.