# JENKINS *v.* STEELE.

[No. 8,041. Filed June 20, 1913. Reinstatement denied November 25, 1913.]

1. APPEAL.—*Jurisdiction.—Assignment of Errors.*—The assignment of errors constitutes the complaint on appeal and jurisdiction can only be acquired over the parties whose full names appear therein. p. 13.
2. APPEAL.— *Assignment of Errors.— Names Idem Sonans.— Dismissal.*—Lee Jenkins and Leroy Jenkins are not *idem sonans*, so that an assignment of errors in the name of Lee Jenkins, appellant, is insufficient to confer jurisdiction to decide questions relating to a judgment against Leroy Jenkins, and, no judgment appearing from the record against Lee Jenkins, a dismissal is required, especially where appellant's attention was called to the defective assignment and he made no effort within the year allowed for appeal to remedy the defect. pp. 14, 16, 18.

3. APPEAL.—*Dismissal.—Motion to Reinstate.*—A motion to reinstate an appeal after dismissal is recognized in the practice of this State. p. 14.

4. APPEAL.—*Assignment of Errors.—Defect.—Waiver.*—Although many irregularities and requirements concerning an appeal may be waived by appearance, or joinder in error, and by filing a brief on the merits, and some questions not properly presented are within the legal discretion of the court, there is no rule of waiver, or decision, whereby an appellant is entitled to a decision on the merits in the absence of a transcript of the record accompanied by an assignment of errors relating to the particular judgment shown by the record, and properly challenging its correctness. p. 15.

5. APPEAL.—*Assignment of Errors.—Failure to Set Out Names of Parties.*—Failure to set out in the assignment of errors the full names of all the parties to the judgment appealed from renders the assignment defective and unavailing. p. 16.

6. APPEAL.—*Defective Assignment of Errors.—Waiver of Right to Dismiss.*—An appellee, by failing to file a motion to dismiss and by filing a brief on the merits, does not waive the right to have the appeal dismissed where it appears that the assignment of errors is insufficient to present any question relating to the judgment shown by the transcript, and the court may order a dismissal on its own motion. pp. 17, 18.

7. APPEAL.—*Assignment of Errors.—Defect in Name of Parties.*—Where the assignment of errors showed "Lee" as the christian name of the appellant and the record showed that the judgment appealed from was against one with the same surname, but whose christian name was "Leroy," there was no duty upon the appellee, in order to procure a dismissal, to show that the party named in the assignment was not the party against whom the judgment was rendered. p. 18.

8. APPEAL.—*Presumptions.—Duty to Show Error.*—On appeal every presumption is in favor of the lower court and it devolves on appellant to show affirmatively by the record that there is manifest error in the judgment shown by the record. p. 19.

9. APPEAL.—*Assignment of Errors.—Right to Amend.—Laches.*—The right to amend an assignment of errors does not exist after the year allowed by statute for perfecting an appeal has passed, and even if such right existed, where appellee's brief calling attention to a defect in the assignment of errors was filed November 13, and the year allowed for perfecting the appeal did not expire until March 14, of the following year, appellant, who with full knowledge of the defect waited and took his chances, was guilty of such laches as to be deprived of the right to amend the assignment and to a reinstatement of the appeal after a dismissal. p. 19.

10. COURTS.—*Jurisdiction.*—*Statutes.*—Courts cannot assume jurisdiction where it is not conferred, but are bound by valid statutes the same as individuals, nor can they arbitrarily ignore the rules of practice.   p. 20.

11. APPEAL.—*Record.*—*Matters Dehors the Record.*—The appellate tribunal derives its knowledge of the proceedings and judgment from which the appeal is prosecuted from the duly authenticated transcript, and it may not go outside the record for such information.   p. 20.

From Sullivan Circuit Court; *G. W. Buff,* Special Judge.

Action by Oliver Steele against Leroy Jenkins.  From a judgment for plaintiff, the defendant appeals.  *Appeal dismissed.*

*Lee Fenton Bays* and *Fred Fenton Bays,* for appellant.

*Arthur D. Cutler, Charles D. Hunt* and *Gilbert W. Gambill,* for appellee.

FELT, J.—Appellee recovered a judgment against Leroy Jenkins.  The assignment of errors is entitled, Lee Jenkins v. Oliver Steele.  Appellee has not filed a formal motion to dismiss the appeal but in his brief points out that the name of the appellant as given in the assignment of errors and in appellant's brief is different from that of the defendant named in the complaint and against whom the judgment appealed from was rendered.  It is also pointed out that appellant has not complied with the rules of this court in setting out the pleadings and evidence or the substance thereof necessary to present the questions suggested by the assignment of errors, and that the errors, if any, are therefore waived.

The first objection affects the jurisdiction of this court.  The assignment of errors constitutes the appellant's complaint in this court and jurisdiction can only be acquired over the parties whose full names appear therein.  In *Lilly* v. *Somerville* (1895), 142 Ind. 298, 40 N. E. 1088, the judgment appealed from was rendered against William G. Brackett and the assignment of errors was by Willard G. Brackett.

It was held that the assignment of errors was defect-
ive, that the appeal in the name of "Willard" pre-
sented no question affecting the judgment against
2.   "William" and the appeal was dismissed.  Lee Jen-
kins and Leroy Jenkins are not *idem sonans.  Berkey*
v. *Tipton Light, etc., Co.* (1908), 42 Ind. App. 301, 84 N. E.
1095, 85 N. E. 72; *Cleveland, etc., R. Co.* v. *Peirce* (1904), 34
Ind. App. 188, 72 N. E. 604; *Lilly* v. *Somerville, supra; City
of Lafayette* v. *Wortman* (1886), 107 Ind. 404, 8 N. E. 277;
*Vance* v. *State* (1879), 65 Ind. 460.  The assignment of
errors is clearly defective.  This court cannot assume juris-
diction to decide questions relating to a judgment against
Leroy Jenkins, on an assignment, or complaint, by Lee
Jenkins.  Such assignment raises no question affecting the
judgment against Leroy Jenkins and the record shows no
judgment against Lee Jenkins.  Furthermore, appellant's
attention was called to the defective assignment, by appel-
lee's brief within the year allowed for appeal from the date
of the judgment overruling the motion for a new trial and
he took no steps either to obtain leave to correct the assign-
ment of errors, or to perfect a new appeal within the year.
The appeal is therefore dismissed.


## MOTION TO REINSTATE CAUSE ON DOCKET.

FELT, J.—The appeal in this case was dismissed on June
20, 1913, and on August 19, following, a motion was filed by
appellant asking to (1) reinstate the cause, (2) to grant
permission to amend the assignment of errors by substitut-
ing the name of Leroy Jenkins for Lee Jenkins and for (3)
a decision on the merits of the case.  Such motion is
3.   recognized in our practice.  Elliott, App. Proc. §537
*et seq.; Whisler* v. *Whisler* (1903), 162 Ind. 136, 140,
67 N. E. 984, 70 N. E. 152.

In the petition to reinstate, it is alleged that appellant
was named Leroy at birth but has been and is known by the

name Lee, which is now his true name. The record and assignment of errors was filed May 22, 1911. Appellant's briefs were filed October 13, 1911, appellee's on November 13, 1911, and appellant's reply briefs on November 27, 1911. On page 2 of his original briefs, under the heading "Insufficiency of assignment of errors", appellee said: "The appeal herein should be dismissed for the reason that the assignment of errors is insufficient to challenge the judgment of the circuit court because: 1. The judgment in the court below was against Leroy Jenkins, and the assignment of errors names Lee Jenkins as the appellant. 2. Lee Jenkins, in the assignment, is not *idem sonans* with nor the same as, Leroy Jenkins, the judgment defendant." Following this statement the record was cited to show that the pleadings, entries and judgment were all in the name of Leroy Jenkins and decisions of the Supreme Court were cited and quoted to show that the assignment was insufficient to raise any question relating to the judgment against Leroy Jenkins, and that the appeal should be dismissed. In his reply brief appellant took the position that the assignment was sufficient and that appellee by filing his briefs had waived any objection thereto.

Under numerous decisions, the assignment is clearly defective and insufficient, but owing to the earnest insistence of appellant that the appearance and filing of briefs, waive all objections to an insufficient assignment of errors, we give further consideration to the question.

There are many irregularities and requirements that may be waived by an appearance, or joinder in error, and by the filing of a brief on the merits of the questions presented by the appeal. It is also true that some questions are within the legal discretion of this and the Supreme Court, but we know of no rule or decision that entitles a party to a decision on the merits of the controversy, where he has not brought to the court on appeal, a transcript of the record and an assignment of errors which

relates to the particular judgment shown by such transcript, and challenges its correctness in some way recognized by our appellate procedure. Ewbank's Manual §§198, 199, 200 and cases cited; Elliott, App. Proc. §§186, 187, 322, 323, 401-406, 522, 523.

Rule 6 of this court provides that the assignment of errors shall contain the full names of all the parties, and it has been uniformly held that a failure to set out 5. the full names of all the parties to the judgment appealed from, renders the assignment of errors defective and unavailing. The assignment of errors in 2. this court constitutes the appellant's complaint, and the court only acquires jurisdiction over the parties whose names appear therein. The merits of the appeal cannot be determined where the party in whose favor the judgment was rendered is not before the court, and in such case it is the duty of the court to dismiss the appeal upon its own motion. In *Snyder* v. *State, ex rel.* (1890), 124 Ind. 335, 24 N. E. 891, the Supreme Court by Mitchell, J., said: "The assignment of errors is the appellant's complaint, and the only parties before this court, or over whom it acquires jurisdiction, are those whose names appear therein." When a case is brought to an appellate tribunal, the first duty devolving on the court is to determine its own jurisdiction. If the assignment fails to present error relating to the judgment shown by the transcript, the court acquires no jurisdiction to decide any question except that relating to its own jurisdiction. The assignment of errors must be made by the identical party or parties against whom the alleged erroneous judgment was rendered and against the party or parties in whose favor such judgment was rendered. If the judgment below is against one person and the error is assigned by another and different person, the court acquires no jurisdiction over the person against whom the judgment was rendered, and it becomes the duty of the court to dismiss the

appeal whenever such want of jurisdiction is brought to its knowledge in any way. *Burke* v. *State* (1874), 47 Ind. 528; *Braden* v. *Leibenguth.* (1890), 126 Ind. 336, 25 N. E. 899; *Gourley* v. *Embree* (1894), 137 Ind. 82, 36 N. E. 846; *Waldrip* v. *McConnell* (1908), 42 Ind. App. 54, 57, 84 N. E. 517; *Moon* v. *Cline* (1894), 11 Ind. App. 460, 464, 39 N. E. 432; *Hutts* v. *Martin* (1895), 141 Ind. 701, 41 N. E. 329; *Duncan* v. *Alderson* (1910), 46 Ind. App. 136, 92 N. E. 5; *Faulkner* v. *Baltimore, etc., R. Co.* (1909), 44 Ind. App. 441, 89 N. E. 511; *Berkey* v. *Tipton Light, etc., Co.* (1908), 42 Ind. App. 301, 84 N. E. 1095, 85 N. E. 724; *Pope* v. *Voigt* (1912), 49 Ind. App. 176, 96 N. E. 984.

The appellee does not, by failing to file a formal motion to dismiss the appeal, and by filing a brief on the merits of the case, waive the right to have the appeal dismissed

6. whenever it is made to appear that the assignment of errors is insufficient to present any question relating to the judgment shown by the transcript. In numerous decisions where the case has been briefed by both parties, the court on its own motion, without any suggestion from the briefs or otherwise, has dismissed the appeal on the ground that it did not have jurisdiction to decide questions relating to the merits of the controversy. In many cases where the appellee briefed the case on its merits, and no motion to dismiss was filed, the court has held that the only parties over whom the appellate tribunal obtains jurisdiction, are those whose names appear in such assignments, and where parties were omitted from, or defectively named in the assignment, the appeals have been dismissed. *City of South Bend* v. *Thompson* (1897), 19 Ind. App. 19, 49 N. E. 38; *Smith* v. *Holtz* (1901), 26 Ind. App. 692, 60 N. E. 728; *Big Four Bldg., etc., Assn.* v. *Olcott* (1896), 146 Ind. 176, 45 N. E. 64; *Barnett* v. *Bromley Mfg. Co.* (1897), 149 Ind. 606, 49 N. E. 160; *Bozeman* v. *Cale* (1894), 139 Ind. 187, 190, 35 N. E. 828; *Gourley* v. *Embree, supra; National, etc.,*

*Assn.* v. *Huntsinger* (1898), 150 Ind. 702; *Gunn* v. *Haworth* (1902), 159 Ind. 419, 421, 64 N. E. 911.

In *Whisler* v. *Whisler, supra,* 144, the court said: "As it was essential, in order to maintain the appeal in this cause, that all parties adverse to appellant should be named as appellees, the failure of appellant to comply with this requirement would necessarily have resulted in the dismissal of his appeal.  *  *  *  It is not the practice in this court for parties formally to demur to an assignment of errors, or to move to make such pleading more certain or specific; hence the assignment made must be treated and considered by the court as though it had been challenged by an appellant's adversary for deficiency therein.  In considering the sufficiency of an assignment of errors all ambiguities or uncertainties therein will be construed against the pleading. The court can not indulge any presumptions, and thereby supply what the appellant by his pleading may have possibly or probably intended."

The assignment of error in the name of Lee Jenkins presents no question relating to the judgment against Leroy Jenkins. The court acquired no jurisdiction to decide the case on its merits, appellee, by filing a brief on the merits, did not waive any right relating to such defective assignment, or confer jurisdiction on the court which it did not have before such briefs were filed. The filing of a brief for appellee against Lee Jenkins did not give jurisdiction of Leroy Jenkins. This view is abundantly sustained by the authorities cited and makes it unnecessary for us to determine the effect of appellee's discussion in his original brief of the defective assignment, and his suggestion that the appeal should be dismissed.

Appellant now seeks by the motion to reinstate to show by matter *dehors* the record, and by certain evidence not set out in his original briefs, that Lee Jenkins is identical with Leroy Jenkins, and also contends that it was the duty of appellee to show that Lee Jenkins

was not the party against whom the judgment was rendered in the lower court. It is certain that no such duty rested on appellee. Every presumption is in favor of the

8. lower court and it devolves on the appellant to show affirmatively by the record that there is manifest error in the judgment shown by the transcript. Furthermore, in this case, the pleadings, order book entries, judgment, precipe and the certificate of the clerk show that the case tried in which the judgment was rendered is that of Oliver Steele v. Leroy Jenkins, and appellant admits that the title to the land, the sale of which gave rise to this lawsuit, was in the name of Leroy Jenkins.

Appellant had his attention called to the defective assignment, and knew that appellee was insisting that the appeal should be dismissed, at a time when he could have

9. asked to amend the assignment, or in some way could have perfected his appeal, or dismissed and taken a new appeal within the year allowed by the statute. The motion for a new trial was overruled March 14, 1911, and appellee's briefs were filed on November 13, of the same year. The year in which he could have asked to amend his assignment, or could have taken a new appeal, did not expire until March 14, 1912. With full knowledge of the defect, he voluntarily waited and took his chances. Under the decisions of our courts, and on principles of justice, he is guilty of laches, which would deprive him of the right he now seeks of amending his assignment. Furthermore, the statute limits the time for appeal to one year, and the decisions of our courts deny the right to amend an assignment of errors after that time has elapsed. Therefore it is not now in the power of this court to grant such right, for the amendment sought is vital and in effect the same as a new appeal. *Brown* v. *Brown* (1907), 168 Ind. 654, 656, 80 N. E. 535; *Pope* v. *Voigt, supra; Bozeman* v. *Cale, supra; Faulkner* v. *Baltimore, etc., R. Co., supra; Raley* v. *Evansville Gas, etc., Co.* (1908), 43 Ind. App. 57, 86 N. E. 863.

The contention of appellant that the dismissal rests on technical grounds is not meritorious. Courts are bound by valid statutes as much as litigants and have no right to violate the law and assume jurisdiction where it is not conferred. Many questions arise, which by a reasonable and liberal construction of the rules of practice, the courts may, and do decide on the merits, which might otherwise be disposed of on technical grounds. The question here is jurisdictional and to grant appellant the right to amend his assignment at this time, as requested, would be equivalent to granting a new appeal, which would be a violation of the statute and contrary to the established rules of practice and numerous decisions of both our courts of last resort. Courts cannot arbitrarily ignore the rules of practice. The rule requiring the assignment of errors to give the full names of all the parties affected by the judgment from which the appeal is taken, is a necessary and wholesome rule which expedites business and furthers the ends of justice. The duly authenticated transcript gives the appellate tribunal its knowledge of the proceedings and judgment from which the appeal is prosecuted. From the very nature of the case, and by statute as well as by an unbroken line of decisions, courts are not permitted to go outside the record for such information, and to do so would open up a field of speculation and invite fraud that would take from judicial procedure, that security, certainty and confidence which is absolutely essential to the due administration of justice. For the reasons already announced, the motion to reinstate this cause on the docket of this court and to permit the assignment of errors to be amended, is overruled.

NOTE.—Reported in 102 N. E. 139, 103 N. E. 365. See, also, under (1) 2 Cyc. 980, 985; (2) 29 Cyc. 272; (3) 3 Cyc. 202; (4) 2 Cyc. 980, 1006; (5) 2 Cyc. 986; (6) 3 Cyc. 182, 191; (8) 3 Cyc. 275; (9) 2 Cyc. 1005; (10) 11 Cyc. 670; (11) 3 Cyc. 176.