STATE OF INDIANA, EX REL. STOCKTON *v.* LANE, TRUSTEE, ET AL.

[No. 22,625. Filed May 13, 1914. Rehearing denied October 8, 1914.]

1. APPEAL.—*Assignment of Errors.—Parties.—Dismissal.*—An assignment of errors on appeal must be against the party in whose favor the judgment appealed from was rendered; hence where the judgment was for defendant in his official capacity, nothing was presented by an assignment of errors naming defendant a party in his individual capacity, and, on appellant's failure to amend, a dismissal of the appeal was required. p. 250.

From White Circuit Court; *James P. Wason,* Judge.

Action by the State of Indiana, on the relation of Jay W. Stockton, against Edward P. Lane, as trustee of Newton School Township in Jasper County and others. From a judgment for defendants, the relator appeals. (Trans-

ferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565.)   *Appeal dismissed.*

*John A. Dunlap,* for appellant.
*George A. Williams,* for appellees.

Morris, C. J.—This was an action for damages on the bond of a township trustee. The complaint was filed by appellant, against appellee Edward P. Lane as trustee of the school township of Newton, county of Jasper, and the sureties on the official bond. Lane, as trustee, filed a demurrer to the complaint, which the court sustained, and appellant declining to plead further, judgment was rendered in favor of the trustee. From such judgment this appeal is prosecuted.

The judgment was rendered on December 29, 1911, and the brief of appellant was filed here on April 17, 1912, while appellees' brief was filed May 16, 1912. In the latter brief, appellee Lane, as trustee, calls our attention to appellant's assignment of errors, which shows that it is against Edward P. Lane, and the sureties sued, and that no error is assigned against Lane in his official capacity. The brief contains a motion to dismiss the appeal. Appellant never asked leave to amend the assignment of errors. In *Braden* v. *Leibenguth* (1891), 126 Ind. 336, 25 N. E. 899, this court said: "The assignment of error, like a complaint, must be against the proper party. One person can not be sued in the court below, and on appeal assign error against another. The assignment of error must be against the person in whose favor the alleged erroneous ruling was made." There was no judgment below in favor of Edward P. Lane. It was for Lane in his official capacity. Had appellant, after appellees' motion to dismiss was filed, and before the expiration of the year allowed for appeals from final judgments, filed a proper motion for leave to amend the assignment of errors, it would, no doubt have been granted. No such petition was presented, and no reply brief was filed,

and the appeal must be dismissed for failure to assign any error against the party that recovered judgment. Appeal dismissed.

NOTE.—Reported in 105 N. E. 147. See, also, 2 Cyc. 985.