CARPENTER *v.* AMOSS ET AL.

[No. 14,563.   Filed October 2, 1934.]

*Everett J. Fletcher, Charles Hudson, Albert Sabath,* and *Willis C. McMahan,* for appellant.

*Crumpacker & Friedrich, Ibach, Gavit, Stinson & Cody, Reed, Murphy & McAtee, Charles M. Reed, Newt Hembroff, J. A. Gavit, Bomberger, Peters & Morthland, George B. Sheerer, R. M. Royce, M. D. Metz, W. B. Van Horne, Tinkham & Galvin, Cartwright, Wasson & Carr,* and *Belshaw, Huebner & Belshaw,* for appellees.

SMITH, P. J.—This action was brought by appellant against appellees upon a complaint in two paragraphs. The first alleges that appellant is the owner of the undivided one-third of 812 acres of land in Lake county, Indiana, and seeks to have the title quieted thereto, a partition thereof, the lands sold, and the proceeds divided.

The second paragraph alleges that on December 1, 1870, one Ira O. Dibble was the owner in fee simple of the lands in question, and on said date sold, and by warranty deed of the same date conveyed said real estate to one Charles O. Howe, who at the time was intermarried with one Mary F. Howe, who was then his lawful wife; that they thereupon entered into lawful possession of said lands; that on the same day, December 1, 1870, said Charles O. Howe executed to said Dibble, the grantor of said lands, certain promissory notes for the sum of $24,825, and at the same time, in order to secure said notes, executed and delivered to said Dibble his certain mortgage on said lands; that Mary F. Howe, wife of Charles O. Howe, never joined in the execution of said notes or mortgage on said real estate; that on April 11, 1873, said Dibble brought an action

to recover on said notes and to foreclose said mortgage
on account of the default in payment thereof by said
Charles O. Howe; that summons was issued and served
upon said Charles O. Howe, but said Mary F. Howe
was not made a party to said action, and no summons
was ever issued for, or served upon her, and she never
appeared to said action, and no jurisdiction was ob-
tained or had over her; that in said foreclosure pro-
ceedings said Dibble recovered a judgment against said
Charles O. Howe on said notes on September 16, 1873,
and a judgment of foreclosure of said mortgage, and an
order of sale of the real estate in question, conveyed by
the mortgage, was issued; that on October 25, 1873,
said real estate was sold under said order of sale to
the mortgagee, Ira O. Dibble, for the sum of $21,027.44,
by the sheriff of Lake county, Indiana, who executed
a certificate of sale to said Dibble, and on October 29,
1874, there being no redemption, a deed was executed
and delivered to said Dibble, who entered into posssssion
of said real estate thereunder; that on June 28, 1915,
Charles O. Howe died intestate, leaving his widow,
Mary F. Howe, with whom he had lived as her husband
continuously from December 1, 1870, to date of his
death; that on May 27, 1918, said Mary F. Howe died
intestate, leaving certain heirs at law to whom her
interest and rights in and to the real estate in question
descended, and said heirs at law thereby became the
owners thereof; that thereafter these said heirs con-
veyed their interest in said real estate to one Mary
Howe Bebb, who in turn thereafter conveyed the same
to the appellant herein, who thereby became possssed
of all right of Mary F. Howe in said real estate; that
said Dibble continued in possession of said real estate
under said sheriff's deed until 1881, when he sold the
same to one Charles G. Wicker, who in turn thereafter
sold the same, by various conveyances to various and

sundry persons, and who in turn sold the tracts and parcels so purchased by them to other and sundry persons; that several tracts and parcels have been platted and subdivided, and resold to various persons, who have made valuable improvements thereon, and entered into possession thereof; that several owners have placed mortgages thereon, and contracts for sale have been made for various lots and parcels of land; that improvements have been made thereon of the value of approximately $175,000; that taxes have been paid in the amount of approximately $80,000; that the total amount of the Dibble mortgage is about $95,000; that rents have been received in the amount of approximately $150,000.

Then follows the prayer for an accounting, and that appellant be permitted to redeem from said mortgage sale.

Appellees filed answers to the first paragraph of complaint in general denial.

To the second paragraph of complaint appellees demurred for want of facts, and set forth certain memoranda thereto, which challenge the sufficiency of said paragraph upon these grounds: (1) That the mortgage was a purchase money mortgage, and that the inchoate interest of Mary O. Howe vested at the time of the death of her husband, June 28, 1915; that her interest was subject to the purchase money mortgage, and her right to redeem, if she had such right, was for one year after the death of her husband, and, having failed to redeem within such time, all right, title, and interest in her expired; (2) that under the statute, this being a purchase money mortgage, Mary F. Howe had no greater right than to redeem from the sale; that this right existed at the time of sale, and, having failed to exercise such right within fifteen years from the time such right accrued, she and her heirs are barred by the statute of

limitations from exercising the same; (3) that the complaint shows that Dibble took possession of the lands in question October 18, 1874, and that the lands have been subsequently conveyed various times to various persons who have occupied same, improved, platted, and developed it; that the right to redeem has existed in Mary F. Howe, if at all, since her husband's death in June, 1915; that she did not redeem prior to her death in 1918, and neither she nor her heirs, nor the appellant at any time occupied the lands or any part thereof, or paid any taxes or assessments thereon; that various appellees have in good faith taken titles through Ira O. Dibble, and said Wicker, have occupied, platted, improved, developed, mortgaged, sold, contracted to sell, and dealt with said lands as their own; that under these facts, appellant is barred by delay and laches in asserting at this time (over fourteen years) redemption rights; (4) that the inchoate interest of Mary F. Howe in the lands in question existed in her by reason of her marital rights as the wife and widow of Charles O. Howe; that such rights were personal to her, and could not be conveyed, and did not pass by descent to her heirs, and could not legally be conveyed to appellant who was and is a stranger to the fee.

This demurrer was sustained by the court, to which ruling appellant excepted.

Thereafter, the lower court, upon motion of some of the appellees, ordered appellant to furnish an abstract of title to the real estate to such appellees as may have requested it. Subsequently, upon motion of some of the appellees, appellant's case was dismissed as to all "defendants" for failure to comply with such order, and judgment rendered for the "defendants."

This action of the court, and the sustaining of the demurrer to the second paragraph of complaint are the errors properly assigned for reversal, although they are

stated in several different forms in the assignment of errors.

From the disposition we are compelled to make of this appeal, it will not be necessary to consider these assignments of error at any length, for the judgment will have to be affirmed, because all the necessary parties to the judgment, who are adverse to appellant, are not made appellees herein.

In this appeal there are many appellees, and a large number of parties to the judgment below. We are met at the threshold with the proposition that all of the parties defendant who are parties to the judgment below and who are adverse to appellant are not made parties to this appeal by the assignment of errors. It is claimed by some of the appellees in their briefs that there are sixty-nine different parties to the judgment below who were parties defendant to the appellant's complaint that are not named either as appellants or appellees in the assignment of errors, and names of these particular parties are set forth in the briefs.

Appellant challenges this statement and says:

"So, in the case at bar. The persons named by counsel (or some of them at least) were named in the caption to the bill and were named in the summons; but they were not served with summons and did not appear or answer in the cause. That is the reason they were not named in taking the appeal. There was no judgment against them and there was no judgment in their favor; . . ."

It will be noted that appellant states that some of the parties were not named in the assignment of errors because no judgment was taken against them, or in their favor in the court below, thus, in effect at least, admitting that some of the parties to the judgment which had been named in the complaint and served with summons are not made parties to this appeal by the assignment of errors.

In this case all parties named in the complaint, and upon whom summons was served, or who appeared to the action, were parties to the judgment rendered ██ by the court below therein, and all such parties are necessary parties to this appeal, and should be named in the assignment of errors. Rule 6 of this court so provides, as well as the holding of this court and the Supreme Court of our state. A failure to make all necessary parties to the judgment below, who were adverse to appellant, parties to the appeal is fatal, and this court cannot consider the appeal under such circumstances.

Our Supreme Court in the case of *Crumpacker et al.* v. *Manhattan Lumber Company et al.* (1916), 185 Ind. 493, 494, 112 N. E. 525, has said:

"The assignment of errors is the complaint in this court, and the only parties adverse to appellants in the judgment appealed from, over whom jurisdiction is acquired, are those named therein as appellees. If such adverse parties to the appeal are not made appellees in this court, the court has no power to reverse the judgment, because this court has no power to disturb the judgment without changing it as to all in whose favor it was rendered and, as this court has no power to disturb the judgment as to those who are not before the court, it can not disturb it at all. *Lauster* v. *Meyers* (1908), 170 Ind. 548, and cases cited on page 549, 84 N. E. 1087."

We have examined the record in this case, and some of the parties defendant named in the complaint who were parties to the judgment below and adverse to appellant are not named as appellees in this appeal. These parties are adverse to appellant in the judgment appealed from, and, since they were not named appellees in this court, we have no power to disturb the judgment. Having no power to disturb the judgment as to those who were not before the court, we cannot disturb it at all.

Without unduly extending this opinion, we will refer to two adverse parties who were named in the complaint who were either served with summons, or appeared in the court below, and were parties to the judgment; but who have not been named as appellees in the assignment of errors.

One Sarah Starr Bellman was named as a defendant, and a judgment rendered in her favor upon dismissal of the complaint, and she is not named as a party appellant or appellee in the assignment of errors.

Appellant says that Sarah Starr Bellman was served with a summons and named in the complaint as "William C. Bellman and ............... Bellman, his wife, whose true Christian name is unknown, and that inasmuch as no question was raised in the court below as to any defect in naming this party, no question can be raised now." The judgment was rendered in favor of Sarah Starr Bellman, who is a necessary party thereto, and adverse to appellant. She is not named as appellee in the assignment of errors. This is fatal to the appeal.

One Michael Lukowski was named as a defendant in the complaint, summons was issued, appearance entered for him, and pleadings filed, and judgment of dismissal of the complaint was rendered in his favor. He is not named as a party in the assignment of errors, but one *Nicholas Lukowski* is named as a party appellee. Appellant says that this was a typographical error in the first name of this party, and that the objection does not come from his attorneys, but the attorneys representing other parties to this appeal. Whether the naming of Nicholas Lukowski as appellee was a typographical error or not does not appear from the record. For aught that is shown Michael Lukowski and Nicholas Lukowski are two different persons. Michael Lukowski being a proper and necessary party appellee to this appeal, and not being named in

the assignment of errors, this court is without jurisdiction to disturb the judgment. *Crumpacker* v. *Manhattan Lumber Company, supra; Prough et al.* v. *Prough et al.* (1910), 174 Ind. 57, 91 N. E. 337. It cannot be said that the names *Michael* Lukowski and *Nicholas* Lukowski are *idem sonans,* and, if appellant means by her statement to contend this, she cannot be sustained in this position. *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 102 N. E. 139, 103 N. E. 365; *Berkey et al.* v. *Tipton Light, Heat & Power Company et al.* (1908), 42 Ind. App. 301, 84 N. E. 1095, 85 N. E. 724; *National Inv. Co.* v. *Indiana Asphalt Paving Company* (1933), 97 Ind. App. 491, 187 N. E. 213.

Appellant makes the statement in connection with this matter: "This is a term time appeal, and is a continuation of the suit below." If appellant means by this to infer because this is a term time appeal that it is not necessary to make all necessary parties to the judgment below, who are adverse to appellant, parties to this appeal, then she is in error, because there is no distinction, so far as jurisdiction over the person is concerned, between a term time appeal and a vacation appeal. *Gedney & Sons, Inc.* v. *Tinner et al.* (1933), 95 Ind. App. 544, 546, 183 N. E. 886.

Appellant has also stated that no motion to dismiss the appeal was filed, and has intimated, especially in the oral argument, that appellees, having filed briefs on the merits, thereby waived their right to have the appeal dismissed, or the judgment affirmed for failure to have made all proper parties to the judgment appellees in the assignment of errors.

In this contention appellant is incorrect, for the case may be dismissed for lack of jurisdiction by the court upon its own motion without any suggestion from the parties, or the judgment may be affirmed. Our courts have dismissed appeals upon their own motion for lack

·of proper and necessary parties. Appellate tribunals obtain jurisdiction only over those whose names appear in the assignment of errors, and, where proper and necessary parties were omitted, appeals have been dismissed. *Jenkins* v. *Steele, supra,* and cases there cited.

It is not necessary that appeals should be dismissed for lack of proper and necessary parties, but the court may affirm the judgment, for under such circumstances, where adverse parties to the appeal, who are parties to the judgment below are not made appellees in this court, we have no power to reverse the judgment, and no power to disturb the judgment as to those who are not before the court, and hence cannot disturb it at all; and, if it may not be disturbed, the judgment can be either affirmed, or the appeal dismissed by the court upon its own motion. *Crumpacker* v. *Manhattan Lumber Co., supra; Jenkins* v. *Steele, supra.*

This court is loathe to decide appeals on technicalities, and would rather decide them upon their merits; however, we cannot ignore our rules of court, nor the many long standing decisions in this court and our Supreme Court.

It is clear that appellant has not brought into this court by her assignment of errors all of the necessary parties to this appeal, and for that reason the judgment of the lower court will have to be affirmed.

While we have no right to reverse the judgment of the lower court under the circumstances as presented in this appeal, we have taken the occasion to examine the record, and the briefs, upon the merits of the case. There are only two questions raised by the assignment of errors: (1) The action of the court in sustaining appellees' demurrer to the second paragraph of complaint; (2) the action of the court in dismissing the action to all defendants, upon failure of appellant to comply with the order of the lower court to furnish a

sufficient abstract of title to the real estate in controversy.

From our examination of these questions, we think the lower court was correct in its action as to both matters. However, as heretofore stated, for failure of appellant to bring the proper and necessary parties to the judgment below before this court upon appeal, the judgment of the lower court is hereby affirmed.

Curtis, J., not participating.