HILDEBRAND *v.* STRICKLAND.

[No. 15,394. Filed February 15, 1935. Rehearing denied June 5, 1935.]

*Andrew N. Hildebrand,* for appellant.

*Roland Obenchain,* and *E. W. Strickland,* for appellee.

SMITH, C. J.—This is an attempted vacation appeal from a judgment rendered in the St. Joseph Superior Court No. 1 against the appellant and certain others in favor of the appellee and another.

The Building and Loan Association of South Bend, Indiana, brought an action against appellant Alexander H. Hildebrand, Elias W. Strickland, Phillip H. Matz, Ida L. Matz, Lyle F. Feather, and Elizabeth Feather. The appellant and appellee each filed cross-complaints, and answers were filed by the other defendants to the action. After a trial, judgment in foreclosure against certain real estate was rendered in favor of the Building and Loan Association of South Bend, Indiana, and against all of the above named; and a personal judgment was rendered against the appellant Alexander H. Hildebrand, and Phillip H. Matz, and Ida L. Matz.

The appellant has failed to join as parties to this appeal any of the parties to the judgment except the appellee Elias W. Strickland; nor has he given any notice to any of these parties, except appellee.

The Building and Loan Association of South Bend, Indiana, and Phillip H. Matz, and Ida L. Matz were parties to the judgment below, and are necessary parties to this appeal.

On a cross-complaint filed against Phillip H. Matz and Ida L. Matz by the appellee, judgment was rendered against them. However, the Building and Loan Association of South Bend, Indiana, the plaintiff in the court below, recovered not only the judgment of foreclosure, but a personal judgment against appellant and others. The Building and Loan Association is not made a party

to this appeal, and is an adverse party to the appellant.

Where such an adverse party is not named in the assignment of errors as appellee, the case cannot be determined on its merits because this court has no power to disturb the judgment when any person in whose favor it was rendered is not made a party to the appeal. This court, as well as the Supreme Court, has stated this rule many times. *Haley* v. *Lawson* (1934), 99 Ind. App. 411, 192 N. E. 760, 761 (and cases there cited) ; *Carpenter* v. *Amoss et al.* (1934), 99 Ind. App. 286, 192 N. E. 168 (and cases there cited). Under the facts disclosed by the record, we are without authority to disturb the judgment herein by reason of our lack of jurisdiction over a necessary party appellee.

The judgment in this case was rendered on June 20, 1934; and on June 27, 1934, the appellant's motion for new trial was overruled. The asignment of errors and transcript were filed in this court on November 17, 1934.

Appeal dismissed.