JACKSON & SONS, INC. *v.* DUMONT, ADMINISTRATRIX.

[No. 15,721. Filed November 18, 1936. Rehearing denied June 16, 1937.]

504

*Seebirt, Oare, Deahl & Omacht* and *Oscar B. Thiel,* for appellant.

*McInerny & Huguenard,* for appellee.

KIME, C. J.—The caption of the assignment of errors herein shows "Jackson & Sons Company, Inc." as appellant. The judgment was rendered against "The Jackson Son's Company, Inc." Appellee filed a motion to dismiss this appeal for the reason that the plaintiff below (The Jackson Son's Company, Inc.) is not named in the assignment of errors, as required by the rules of this court.

The assignment of errors is appellant's complaint here and this court can only acquire jurisdiction over the parties named therein. In *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 14, 16, 102 N. E. 139, it was held that this court could not "assume jurisdiction and decide questions relating to a judgment against Leroy Jenkins, on an assignment, or complaint, by Lee Jenkins. Such assignment raises no question affecting the judgment against Leroy Jenkins and the record shows no judgment against Lee Jenkins. . . . The assign-

ment of errors must be made by the identical party or parties against whom the alleged erroneous judgment was rendered and against the party or parties in whose favor such judgment was rendered. If the judgment below is against one person and the error is assigned by another and different person, the court acquires no jurisdiction over the person against whom the judgment was rendered, and it becomes the duty of the court to dismiss the appeal whenever such want of jurisdiction is brought to its knowledge in any way."

In *Lilly* v. *Somerville* (1895), 142 Ind. 298, 40 N. E. 1088, it was held that William G. Brackett against whom the judgment was rendered and Willard G. Brackett who filed the assignment of errors were not *idem sonans* and that therefore the appeal in the name of "Willard" presented no question affecting the judgment against "William."

We are therefore constrained to hold that by the assignment of errors herein filed this court does not have jurisdiction to decide questions growing out of a judgment against The Jackson Son's Company, Inc. when the assignment of errors is by Jackson & Sons Company, Inc. (against which company the record discloses no judgment), as such assignment raises no question affecting the judgment against The Jackson Son's Company, Inc.

The Jackson Son's Company, Inc. and Jackson & Sons Company, Inc., are not *idem sonans*.

The appeal is dismissed.