## NICHOLS *v.* CORNELIUS.

An appeal will lie, under the R. S. 1852, from an order or judgment upon a writ of *habeas corpus*, whether made in term or vacation, and without the filing of a bond.

An officer who has made an arrest by virtue of process, is a proper party to a writ of *habeas corpus*, for the purpose of testing the legality of the commitment.

The governor of this state, upon the requisition of the governor of *Kentucky*, issued his writ for the arrest of *A.*, as a fugitive from justice. The writ stated that a requisition had been made, &c., which set forth that *A.* had been indicted, &c., a certified copy of which indictment accompanied the requisition; and the writ required *A.* to be delivered to *B.* as an agent to receive *A.* and convey her to *Kentucky*. *B.* made return that he held *A.* in custody by virtue of the writ, &c., but did not accompany the return with a copy of the indictment.

*Held*, that this was not necessary.

*Held*, also, that the writ was *prima facie* evidence that an indictment was pending against *A.* as alleged therein.

*Held*, also, that the writ sufficiently showed *B.'s* authority to make the arrest, without producing any authority from the governor of *Kentucky*.

APPEAL from the judgment of the judge of the Court of Common Pleas of *Decatur* county, rendered in vacation, upon *habeas corpus*.

GOOKINS, J.—*Pamelia Cornelius* presented a petition to the judge of the Court of Common Pleas of *Decatur* county, stating that she was illegally imprisoned by *James T. Nichols*, under pretence of a warrant from the governor

of this state, and praying for a writ of *habeas corpus*, which was granted. *Nichols* returned to the writ that he held the petitioner in custody by virtue of a writ issued by the governor of this state, upon a requisition of the governor of the state of *Kentucky*, for the petitioner, as a fugitive from justice, and of an appointment of himself as an agent of the state of *Kentucky*, to demand and return said fugitive, pursuant to such requisition. The petitioner excepted to the return, the judge sustained the exceptions, and ordered her to be discharged; from which order *Nichols* appeals to this Court.

The appellee insists that the appeal is not well taken, because the appellant did not file an appeal bond. The 2 R. S., p. 162, s. 576, authorizes an appeal to this Court from certain orders made by a Court or judge, in various cases, such as the granting and dissolving of injunctions and the like, among which is enumerated orders and judgments upon writs of *habeas corpus* made in term or vacation. The 577th section requires a bond to be given *as in other cases of appeal.* This section is to be construed with sections 555, 563 and 564, pp. 159, 160, according to which a bond is necessary only to stay proceedings; but a party may prosecute his appeal without giving bond, if he does not seek to make his appeal operate as a supersedeas. The appeal is well taken.

A further position assumed is, that the appellant is not within the terms of the statute; that he is but a nominal party, being an agent only of the state of *Kentucky*, which, if any one, is the real party. Why, then, did not the petitioner make the proper party? She has chosen to proceed against *Nichols*, for an unlawful detention. It is of little consequence who are made parties in cases of this kind. It is incumbent on the petitioner to show an unlawful detention by some one, and an officer claiming a right to imprison by virtue of process, is properly a party for the purpose of testing the legality of the commitment. In this state, the state has generally been made defendant, where the arrest has been made to answer to a criminal charge. We are not disposed to hold that the action of

the Court below is in every such case final. Of the impropriety of doing so, the proceedings in this case furnish a sufficient example.

Upon the merits, it is insisted by the appellee that the authority shown for her arrest was invalid. Annexed to the return of *Nichols* was a writ issued by the governor of this state, directed to the sheriff of any county therein, reciting that a requisition had been made by the governor of *Kentucky* upon him, setting forth that the petitioner had been indicted in the Circuit Court of *Jessamine* county for grand larceny, a certified copy of which indictment accompanied the requisition; that she had fled from the justice of said state and taken refuge in this state; that the governor of that state required her to be apprehended and delivered to *James T. Nichols*, who was authorized to receive and convey her to the state of *Kentucky*. The writ then commands the sheriff in whose bailiwick she may be found, to arrest and deliver her to the said *Nichols*, to be conveyed to the state of *Kentucky*. It is signed by the governor, and attested by the secretary and seal of state. Said *Nichols* also annexed to the return his commission from the governor of *Kentucky*, appointing him the agent to receive and convey her to that state.

Of the various objections taken to these proceedings, two only are of sufficient importance to require notice.

One is, that the appointment of *Nichols* by the governor of *Kentucky*, is not sufficient. We have examined it, and are of the opinion that it is sufficient; and further, that the question is immaterial. That authority was addressed to the governor of this state, who deemed it so; and having by his writ required the petitioner to be delivered to *Nichols*, as the agent of that state, that was a sufficient warrant for her arrest; and it was operative to the limit of this state, at least, without any other authority. *Nichols* had therefore no occasion to make his appointment a part of his return, which was good without it.

The other objection that we notice, is, that a copy of the indictment did not accompany the writ. It was not necessary. The writ was valid on its face, and authorized

May Term, 1856.

the arrest; and it was *prima facie* evidence that there was such an indictment. If the petitioner sought to overcome that *prima facie* case, she could not do it by exceptions, but should have done it by answer.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the judge of the *Decatur* Court of Common Pleas to permit the petitioner to answer, and in default thereof to remand her to the custody of the appellant.

*O. B. Hord*, for the appellant.

*J. Gavin* and *J. R. Coverdill*, for the appellee.