## ROBINSON v. FLANDERS.

FUGITIVES FROM JUSTICE.—HABEAS CORPUS.—The return to a writ of *habeas corpus* alleged that the petitioner was held in custody as a fugitive from justice upon a warrant issued by the governor of *Indiana* upon the requisition of the governor of *Pennsylvania*, and that the petitioner was the identical person named in the warrant. A copy of the warrant was filed with the return. Exceptions were filed to the return as follows: 1. That the petitioner is not the person who committed the crime referred to in the warrant. 2. That no copy of any indictment or affidavit was attached to the warrant. 3. That the petitioner is detained without probable cause. 4. That the facts recited in the warrant do not constitute a crime by the laws of *Pennsylvania*. 5. That the warrant was general, and was not directed to any officer of the State of *Indiana*, and that it was void because it directed that the prisoner should be taken before a judge of the Circuit or Common Pleas Court for identification.

*Held*, 1, that the identity of the person arrested with the person named in the warrant being alleged in the return, the question whether that per-

son committed the crime could only be tried in *Pennsylvania*. 2. That it was not necessary that a copy of any indictment or affidavit should accompany the warrant. 3. That the warrant, and the indictment and requisition recited therein, constituted good cause for the arrest and detention. 4. That there could be no pretense that a crime under the laws of *Pennsylvania* was not charged. 5. That the warrant was good, and that the statute requiring the prisoner to be taken before a judge of the Circuit or Common Pleas Court for identification is constitutional.

APPEAL from the *Allen* Circuit Court.

RAY, J.—This was an application before the judge of the *Allen* Circuit Court for a writ of *habeas corpus*. The petition stated that the appellee was held under a warrant issued by the governor of the State of *Indiana*. A copy of the warrant was filed, by which it appeared that it was issued upon a requisition duly made by the governor of the State of *Pennsylvania*, upon the executive of this State, for the delivery of *J. O. Flanders*, who, with certain other persons named, did, on the first day of *March*, 1866, at the county of *Erie*, in said State of *Pennsylvania*, unlawfully, wickedly, deceitfully and feloniously conspire, combine, and agree together to cheat and defraud the Second National Bank of *Erie*, and afterwards, in pursuance of said conspiracy, did, by virtue thereof, cheat and defraud said bank, at the county and state aforesaid, out of a large sum of money, to-wit, the sum of seven hundred dollars, the property and money of said bank, which said acts are made criminal and constituted felony by the laws of said last named state, and that said *J. O. Flanders*, with the others named, have taken refuge in the State of *Indiana*.

The warrant further states that said requisition was accompanied by a copy of an indictment against said *J. O. Flanders* and others, whereby they are charged with the commission of said crime at the time and place aforesaid, which copy of the indictment is certified to be authentic by the governor of the State of *Pennsylvania*, and is on file with the requisition in the office of the secretary of state of the State of *Indiana*. The warrant commanded the arrest of said *J. O. Flanders*, with the others charged

also, and that they be taken forthwith before the circuit or common pleas judge of the state who may be nearest or most convenient of access to the place where said arrest may be made, to the end that such judge may, by the examination of witnesses, ascertain and determine whether the persons apprehended be the fugitives demanded and mentioned in the warrant, or not, and to the end that such judge may also, if satisfied of the identity of the party arrested, and not otherwise, order them to be delivered to the said agent of the State of *Pennsylvania* to be transported to said state, there to be dealt with according to law.

A writ of *habeas corpus* was issued, and the appellant made return that he held the appellee by virtue of the warrant, and that he was the identical person named therein. Exceptions were filed to this return, which were sustained by the court and the appellee discharged from custody.

The exceptions made to the return are thus stated:

1. That the appellee is not the person who committed and is connected with the facts stated in said warrant. This would be a most excellent defense before a petit jury in the State of *Pennsylvania*, when the accused is arraigned to answer the indictment charging him with the felony, but was not a matter available before the circuit judge on the hearing of the return to the writ of *habeas corpus*. The identity of the appellee with the person named in the warrant was expressly alleged in the return.

2. That no copy of any charge, indictment or affidavit made before any officer of the State of *Pennsylvania*, or found by any court in said state, is attached to or accompanies said warrant.

In the case of *Nichols* v. *Cornelius*, 7 Ind. 611, the court disposed of such an objection in these words: "The other objection that we notice is, that a copy of the indictment did not accompany the writ. It was not necessary. The writ was valid on its face, and authorized the arrest, and it was *prima facie* evidence that there was such an indictment. If the peti-

tioner sought to overcome that *prima facie* case, she could not do it by exceptions, but should have done it by answer."

The appellee could not, we must suppose, have been discharged upon this ground.

3. That he has been arrested and detained without probable cause. A requisition and warrant, founded on an indictment found by a grand jury, is sufficient cause for detention.

4. That the facts recited in said warrant do not, by the laws of *Pennsylvania*, constitute a crime or misdemeanor.

In the matter of *Clark*, 9 Wend. 212, it was said: "It has been objected that no crime has been committed, and that the proceedings contemplated by the statute of *Rhode Island* are of a civil nature merely. The first answer is that the statute of *Rhode Island* is not properly before us. An offense of a highly immoral character is stated in the warrant, and is certified by the governor of *Rhode Island* to have been made criminal by the laws of that State. This is evidence enough in this stage of the proceedings of the nature of the offense."

In the matter of *William Fetter*, 3 Zabr. 311, the court held, that "admitting the position taken by counsel in argument, that the offense specified does not constitute larceny at the common law, it is nevertheless certified by the governor of *California* to be grand larceny under the laws of that state. It is, moreover, an offense of a highly immoral character, and, as appears by the bill of indictment, which must be regarded as *prima facie* evidence of the fact, is a crime by the law of the State of *California*." The same rule was recognized in *Johnston* v. *Riley*, 13 Geo. 97. But there can be no pretense that the matters charged do not constitute a crime by the laws of *Pennsylvania*.

5. That the said warrant is general and not directed, as required by the law of congress, to any officer of the State of *Indiana*, and is therefore void. And that said warrant is also illegal in this, to-wit: in requiring the officer to whom the same is addressed to carry the person arrested

before the nearest judge of the Circuit Court for the purpose specified in said warrant.

The act of congress simply declares that "it shall be the duty of the executive authority of the state or territory to which such person shall have fled, to cause him or her to be arrested and secured, and notice to be given to the executive authority," &c.

As to what steps the governor shall take to secure the arrest of the person demanded, and how he shall satisfy himself of the identity of the person seized, the act of congress has not determined, but has left it for the states to provide such reasonable method as will best secure the discharge of the obligation imposed by the constitution of the *United States*.

In *Ex Parte Smith*, 3 McLean 121, the court, speaking of a law of *Illinois* on this subject, say: "It may be that the legislature of *Illinois*, appreciating the importance of the proper execution of those laws, and doubting whether the governor could be punished for refusing to carry them into effect, deemed it prudent to impose it as a duty, the neglect of which would expose him to impeachment."

In *Coffman* v. *Keighley*, 24 Ind. 509, it was expressly ruled that state legislation to supply an omission, or in aid of a law of congress, was valid and binding. In the case of *Moore, Executor*, v. *The People, &c.*, 14 Howard 17, it was in express terms denied that the Supreme Court of the *United States* had ever held that state legislation, to aid in accomplishing the purpose intended by an act of congress, was void.

It seems too clear to question that the provision of the "act to regulate the arrest and surrender of fugitives from justice from other states and territories," requiring the officer making the arrest to take the prisoner before the nearest judge for identification, is clearly within the constitutional power and duty of the legislature. Every respectable court which has examined the question has declared this investigation to be the duty of every judge before

whom a prisoner so arrested is produced in answer to a writ of *habeas corpus.* This provision of the statute does no more than secure the benefit of this very writ to every one so arrested. It is not denied that by a resort to certain forms the prisoner may secure this writ, and is it reasonable to insist that the legislature may not dispense with the form and secure him the benefit of the examination into the cause of his detention, which is guaranteed both by the constitution of the *United States* and of this state?

But if it were admitted that this provision of the law were of doubtful constitutionality, what then? Should the judge discharge the prisoner? Under the plea that the legislature has invaded the prerogative of congress in attempting to confer upon him power to examine as to the identity of the person arrested, is he, in his official capacity, to set at naught the law of congress and discharge the person held under the provisions of that act? If the warrant was void in so far as it required the officer to take the prisoner before the judge, it at least authorized the officer to hold him in custody. Under the act of congress the warrant would be good, if it required the officer simply to make the arrest, and the prisoner could be held under it until, upon notice given by the governor of this state to the governor of *Pennsylvania,* the person under arrest was surrendered by the executive authority.

The appellee should not have been discharged. He was before the judge, not under the act, but under the writ of *habeas corpus,* and no cause for his discharge was shown. He should have been remanded to the custody of the officer, who should then have taken him before the nearest or most convenient circuit or common pleas judge, as provided by the act of 1867.

The judgment is reversed, with costs.

*C. Baker*, for appellant.