Lawless *ct al.* v. Harrington *et al.*

---

No. 7850.

## LAWLESS ET AL. *v.* HARRINGTON ET AL.

PRACTICE.—*Complaint.*—*Overruling Motion to Strike Out.*—*Supreme Court.* —The overruling of a motion to strike out part of a complaint can present no available error on appeal to the Supreme Court.

SAME.—*Bill of Exceptions.*—*Change of Venue.*—Where motions for a change of venue, and for leave to file answers, are overruled, the affidavit in support of such change and the answers proposed to be filed must be shown by the bill of exceptions, to present the questions to the Supreme Court.

SAME.—*Extension of Time.*—Where the entire showing for and against a motion for an extension of time to file bills of exceptions is not in the record, the Supreme Court will not reverse the ruling thereon.

SAME.—*Excluding Answer.*—In an action originating before a justice of the peace, it is not error to exclude the filing of an answer setting up a defence which is provable without plea.

SAME.—*Assignment of Error.*—*Must be Specific.*—Assignments of error to be available must be specific, and therefore an assignment to the effect that the action of the judge was oppressive, illegal and in violation of all law, and the whole judgment wrong and oppressive, is too general.

From the Marion Circuit Court.

*J. S. Reid,* for appellants.

*H. W. Harrington* and *A. G. Howe,* for appellees.

Woods, J.—Action by the appellees, against the appellants, upon an injunction bond, commenced before a justice of the peace, and taken thence, by appeal, to the circuit court.

Error is assigned upon the overruling of the appellants' respective motions, for a new trial, for a change of venue, to strike out parts of the complaint, for leave to. file an answer, and for an extension of time to file bills of exceptions, upon the overruling of the demurrer to the complaint, and that the judgment is erroneous, excessive and oppressive.

The refusal of the court to strike out part of the complaint can present no available* error. *Hay* v. *The State, ex rel.,* 58 Ind. 337 ; *The Baltimore, etc., R. W. Co.* v. *Pixley,* 61 Ind. 22 ; *Trammel* v. *Chipman,* 74 Ind. 474.

The only ground of demurrer urged against the complaint is, that the transcript from the justice of the peace, and the record in this court, show no copy of the bond filed with the complaint. The objection is not true in point of fact. The complaint contains an averment that a copy of the bond is filed therewith, and immediately following the complaint in the transcript is set forth a copy of the bond.

There is no bill of exceptions showing the application for a change of venue, nor the answers which it was proposed to file. There is, therefore, no question saved in reference to these rulings. *McDaniel* v. *Mattingly,* 72 Ind. 349 ; *Douglass* v. *The State,* 72 Ind. 385.

The case having been commenced before a justice of the peace, all matters of defence were, provable without plea, except the statute of limitations, set-off, and matter in abatement. The answers set forth in the motion for a new trial, as those which the court excluded, presented nothing within the exceptions. The appellant therefore suffered no harm in this respect. *The Cincinnati, etc., R. R. Co.* v. *Ridge,* 54 Ind. 39

There is in the record a bill of exceptions, showing the motion of the appellants, and the affidavits filed in support thereof, for an extension of the time to file bills of exceptions, but the counter showing, which the bill states was filed, is not given. If, therefore, it were conceded that the court had power, on a proper showing, to have extended the time, it is impossible to say that there was error in overruling the request, because the entire showing is not before us.

The evidence not being in the record, we can not decide whether the judgment is excessive or 'that any improper element of damages was allowed.

The assignment, to the effect that the action of the judge was oppressive, illegal, and in violation of all law, and the whole judgment wrong and oppressive, is too general to present any question. Assignments of error, to be available, must be specific.

The judgment is affirmed, with costs.