## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* JEFFERY ET AL.

[No. 3,334.   Filed January 23, 1901.]

APPEAL AND ERROR.—*Assignment of Error.—Discussion in Brief.*— The assignment of errors must specifically point out the alleged errors relied on and such errors must be the same that are discussed in appellant's brief or no question will be presented for decision. *pp. 143, 144.*

SAME.—*Pointing Out Rulings.—Page and Line.*—Alleged errors in giving and refusing instructions and in other rulings made in the course of the trial must be pointed out by reference to the page and line of the transcript where the matters discussed may be found, or they will not be considered. *p. 144.*

From the Marion Superior Court.   *Affirmed.*

*F. N. Fitzgerald* and *H. N. Spaan,* for appellant.
*P. W. Bartholomew,* for appellees.

HENLEY, C. J.—This was an action for damages commenced by appellees against appellant on account of appellant's negligent shipping and handling of appellees' cattle. Trial resulted in a judgment in favor of appellees.

There were two causes in the lower court numbered respectively 57,106 and 57,107. These causes were consolidated and tried as one. It is assigned as error in this court that the lower court erred in overruling appellant's demurrer to the complaint in cause numbered 57,107, and that the court erred in overruling appellant's motion for a new trial. No question is presented by the first specification of the assignment of errors, because it has been waived by a failure to discuss it. Counsel for appellant in their brief make the following statement: "The complaint in cause numbered 57,107 was treated in the trial as the third paragraph of complaint in cause 57,106. The finding and judgment on this paragraph was in favor of appellant, so nothing here need be considered except the first and second paragraphs in cause numbered 57,107." It will

thus be seen that no question is raised as to the sufficiency of that paragraph of complaint which counsel have seen fit to designate as the complaint in cause numbered 57,107, and that the paragraphs of complaint in cause numbered 57,106 are not questioned by the assignment of errors.

It is next contended that the court erred in giving to the jury on its own motion a certain instruction numbered four, but as to where said instruction could be found in the record, we have no information, and the same can be said of each of the fifteen different causes assigned and argued under the specification of the assignment of errors that the court erred in overruling appellant's motion for a new trial. In each instance the cause assigned is the error of the court in admitting or refusing to admit certain evidence, but in no instance is the court referred to the page or line of the record where the evidence objected to can be found. This is a direct violation of the rule numbered twenty-six of this court, and we will not consider questions when so presented.

One of the reasons for a new trial was that the verdict of the jury as to the second paragraph of complaint was not sustained by sufficient evidence. On this question it is sufficient to say that there was evidence introduced to sustain every material allegation of this paragraph of complaint. The record as it is presented to us by counsel shows no error. Judgment affirmed.