MARTIN v. NEWLAND, SHERIFF, ET AL.

[No. 24,444.   Filed March 31, 1925.]

1. ARREST.—*Without authority under warrant from another state.*—A warrant issued by a court in another state has no extraterritorial effect, and confers no authority to arrest and imprison a person in Indiana, and an arrest made without a warrant issued by a court or proper officer of this state is unlawful. p. 61.

2. HABEAS CORPUS.—*Sheriff's return to writ must contain process, but may be amended.*—By the express provisions of §1173

(subd. 2) Burns 1914, §1116 R. S. 1881, a sheriff is required to set out in his return a copy of the requisition or warrant under which the petitioner was arrested and taken into custody, but if he failed to do so, the court had authority to permit an amendment of the return (§1174 Burns 1914). p. 61.

3. HABEAS CORPUS.—*Sheriff's return to writ insufficient without copy of process, especially under foreign warrant.*—A sheriff's return to a writ of *habeas corpus* which failed to set out the warrant under which the petitioner was arrested and taken into custody was insufficient, especially where the return expressly averred that the petitioner was held in custody under a warrant issued by a court of another state, and it was reversible error to overrule the petitioner's exceptions thereto. p. 61.

4. HABEAS CORPUS.—*After a court has refused to discharge a prisoner held as fugitive it may make a finding as to the identity of accused and of extradition.*—Under the provisions of §1894 Burns 1914, after a court has adjudged that petitioner is not entitled to be discharged from custody because of a finding that he is a fugitive from justice for whom a requisition from another state has been properly issued, the court may properly make a finding as to the identity of the accused and enter an order for his extradition.   p. 62.

From Vermillion Circuit Court; *William C. Wait,* Judge.

Application for *habeas corpus* by Agnes M. Martin against Harry Newland, sheriff, and another.   From an order directing petitioner's return to custody of sheriff, the petitioner appeals.   *Reversed.*

*H. B. Aikman, W. Bert Conley* and *George D. Sunkel,* for appellant.

EWBANK, J.—Appellant filed a petition for a writ of *habeas corpus*, alleging that Henry Newland, the sheriff of Vermilion county, and Joseph Mallow, claiming to be an agent of the State of Illinois, were unlawfully imprisoning her, without right; that they were doing so under claim of authority of "a pretended writ issued by the Governor of the State of Indiana upon an alleged and pretended requisition from the Governor of

the State of Illinois, which   *   *   *   charges that this petitioner is a fugitive from justice from said State of Illinois"; but that the alleged acts charged by the requisition to have been done by petitioner did not constitute a criminal offense under the laws of Illinois, that the requisition did not purport to charge that she was guilty of treason or murder, and that the court in which the affidavit was filed that issued the warrant on which the requisition was based was not a court of the State of Illinois, and that the judges of that court were not magistrates of the State of Illinois. No objection was made to the sufficiency of the petition, and a writ was issued, to which each defendant made a return, verified by his oath. Exceptions to the returns of each defendant were overruled, and appellant excepted. And upon her refusal to plead further, the court made a finding that each return was in all things sufficient, and entered a judgment that the petitioner be returned to the custody of the sheriff.

The alleged agent of the State of Illinois denied that he was then restraining the petitioner in any way, but asserted that he was "an agent designated by the Governor of the State of Illinois to return said Agnes M. Martin to the State of Illinois" to answer a criminal charge against her there, that she was in the custody of the sheriff only, and "that he will take the custody of said Agnes M. Martin by virtue of the warrant issued by the Governor of the State of Indiana, and designating him as agent, as soon as she is turned over to him by the sheriff of Vermilion county and by order of the judge of the Vermillion Circuit Court." And afterward the court found "that said petitioner is not in the custody of the defendant, Joseph Mallow, and is not unlawfully restrained of her liberty by him." No question is presented as to the sufficiency or insufficiency of this return, and, as a general denial that defendant

Mallow was doing any of the acts complained of, it seems to be sufficient.

The sheriff made a return that as such sheriff he was holding the petitioner under restraint "lawfully and by virtue of a warrant for arrest and examination issued out of the Municipal Court of Chicago, Cook County, State of Illinois," in a certain prosecution against her, upon an affidavit set out with the return, which charged that the petitioner falsely. and feloniously forged the signature of affiant to a certain check on a bank for $125, with the intent to cheat and defraud affiant, "a copy of which said order of arrest is filed with this answer (return) and the original of which he herewith produces, and upon the authority of which he made the arrest of said Agnes M. Martin, and by virtue of which she is held and imprisoned." And the warrant set out with this return purported to have been issued by the Municipal Court of Chicago, on behalf of the People of the State of Illinois, by order of a judge of that court, upon an affidavit being filed which charged petitioner with having forged a check, as stated above, and was authenticated by the certificates of the chief justice and clerk of that court, as provided by law (§§497, 496 Burns 1926, §§470, 494 Burns 1914, §§454, 472 R. S. 1881). Of course, a warrant issued by a court in Illinois could not have any extraterritorial effect, and conferred no authority to arrest and imprison the petitioner in Indiana, without a warrant issued by a court or other proper officer of the State of Indiana.

The requisition of the Governor of Illinois and the warrant issued thereon by the Governor of Indiana, referred to in the petition by which this action was commenced, and in the return by Mallow, were not set out with the sheriff's return, nor even mentioned therein, and do not appear anywhere

in the record. The trial court added to its judgment, directing that the petitioner be returned to the custody of the sheriff, an order that the sheriff "deliver her over to the custody of said Joseph Mallow, Agent for the State of Illinois," which indicates that a requisition was produced in court by somebody, and that the trial court did not consider it a mere "pretended requisition," as it was characterized by appellant's petition. If there really was a proper requisition, issued on a showing that the petitioner was duly charged with the crime of forgery in the State of Illinois, and that a warrant for her arrest had been duly issued by the Municipal Court of Chicago, but that she had escaped arrest by fleeing to Indiana, and if the sheriff held a warrant for her arrest, issued by the Governor of Indiana pursuant to the requisition, as the petition stated, the statute required that the sheriff should set out such requisition and warrant as parts of his return, and produce the original in court. §1196 Burns 1926, §1173 (subd. 2) Burns 1914, §1116 R. S. 1881. And having failed to do so, the trial court had authority to permit an amendment of the return. §1197 Burns 1926, §1174 Burns 1914, §1117 R. S. 1881. But mere references in the petition to a "pretended requisition" and warrant, as being in existence, and a mere reference in the return of Mallow to what he expected to do under authority of that warrant, cannot cure the defects in a return by the sheriff which not only failed to set them out, but expressly averred that the petitioner was held in custody under a warrant issued by a court in Illinois. The return by the sheriff was insufficient, and it was error to overrule appellant's exceptions thereto.

Appellant also complains of the action of the trial court in proceeding to identity petitioner as the
4. accused person and ordering her delivered up to the agent of the State of Illinois, after he had

adjudged that she was not entitled to be discharged, but should be returned to the custody of the sheriff. But if the judgment refusing to discharge her and ordering her remanded to the sheriff had not been erroneous, we fail to perceive any irregularity in obtaining from the court, at that time, a finding as to her identity, and an order that she be delivered up for transportation back to the state from which the requisition issued. §2056 Burns 1926, §1894 Burns 1914, §27, Acts 1905 p. 584.

For the error in overruling appellant's exceptions to the sheriff's return, the judgment is reversed, with directions to permit an amendment of such return, if desired, and for further proceedings not inconsistent with this opinion.