MCBRIDE ET AL. *v.* STATE EX REL. MCKINLEY ET AL.

[No. 14,990.  Filed July 1, 1933.]

*Walter G. Todd,* for appellants.

*Walter Vermillion* and *Harry G. Neff,* for appellees.

CURTIS, J.—This action was ·instituted in the Superior Court of Madison County, Indiana, by State ex rel. Luther F. Symons, Bank Commissioner of Indiana, against Citizens Bank & Trust Company of Elwood, Indiana, for the appointment of a receiver. Upon the oral motion of the appellee, Richard A. McKinley, Bank Commissioner of the State of Indiana, successor to Luther F. Symons, was substituted as relator herein.

The defendant was defaulted and ,on April 11, 1933, the court heard the evidence, found that a receiver should ·be appointed and on April 22, 1933, appointed Joseph H. Fihe as receiver.

Thomas McBride, O. W. Coxen and Dale J. Dickey filed petitions to intervene and to set aside the order appointing said Fihe.  The court ·denied petitioners' request to intervene and this appeal is prosecuted from

such ruling and judgment. The said order and judgment of the court is as follows: "Comes now Thomas McBride, O. W. Coxen and Dale J. Dickey, petitioning intervenors in the above entitled cause, by their attorney Walter G. Todd, and the petition of Thomas McBride, O. W. Coxen, and Dale J. Dickey to intervene is now submitted to the court, and the court being duly advised in the premises, finds that said petition to intervene herein for the uses and. purposes therein set out should be denied.

"IT IS THEREFORE, ordered, adjudged and decreed by the court that the said Thomas McBride, O. W. Coxen and Dale J. Dickey are refused and denied permission by the court to intervene in said cause for the uses and purposes set out in said intervening petition, to which ruling and judgment of the court said petitioners except."

Neither the assignment of error nor a clear statement disclosing the errors relied upon for reversal are set forth in the appellant's brief. This is in violation of Rule 22 of this court. In their brief they say, "There is but one question before the court, and that is, did the trial judge abuse his discretion in denying the right of appellants to intervene in this cause?" How this question is presented to this court is not disclosed in the appellants' briefs. We have, however, examined the record sufficiently to enable us to say that in our opinion there was no abuse of the discretion of the trial court.

The judgment is affirmed.