PIETY *v.* LADSON.

[No. 14,717.   Filed March 9, 1934.]

*Gus S. Condo* and *Robert R. Batton,* for appellant.

*Miller & Causey* and *Robert M. Van Atta,* for appellee.

CURTIS, J.—This was an action brought by the appellee Oakie Ladson, by his next friend William Ladson, against the appellant, to recover damages for personal injuries alleged to have been received as a result of an automobile collision caused by the negligence of the appellant.

The complaint was in one paragraph to which a motion to make more specific was addressed and overruled, after which the appellant filed a general denial. The cause was submitted to a jury for trial resulting in a verdict for $3,500.00 against the appellant upon which judgment was rendered.   A motion for a new trial was timely filed and overruled and an exception reserved and this appeal prayed and perfected.

The appellant has assigned error as follows:  "1. The court erred in overruling the motion of the appellant for an instructed verdict for the appellant, made by

the appellant at the close of all the evidence in the case. 2. The court erred in overruling appellant's motion for a new trial." The motion for a new trial contains five causes or grounds as follows: Verdict not sustained by sufficient evidence, contrary to law, error in not giving the peremptory instructions requested by the appellant, error in giving each of instructions 1, 2, 3, 4, 5, 6, 7, and 8 given by the court on its own motion and "in giving instructions numbered 1, 2, 3, 4, 5, 7, 8, 9, and 10 requested by the plaintiff" and error in modifying and giving as modified instruction number 11 tendered by the appellant and error in not giving said instruction without modification.

Under his propositions, points, and authorities in his brief the appellant has discussed only the alleged error as to the refusal of the court to give said █ peremptory instruction tendered by him, and that the verdict of the jury is not sustained by sufficient evidence and is contrary to law and error as to the giving of instrtuction number 7 tendered by the appellee. He has, therefore, waived the other causes assigned. We will take up first the last cause assigned as above indicated. It will be noted that the appellant's motion for a new trial makes a joint assignment as to instructions 1, 2, 3, 4, 5, 7, 8, 9, and 10 requested by the appellee and that in his brief under his proposition, points, and authorities he attacks only one of said instructions, to wit, number 7. He therefore presents no error for our determination as to the instructions. See: Watson's Revision of Works Practice and Forms, Vol. 2, §1816, and the great number of cases of the Supreme Court and this court cited therein, each sustaining the rule announced. We have read carefully the complaint and answer and the evidence. It is our opinion that there was evidence under the issues that required the trial court to submit to the jury the question

of the alleged negligence of the appellant, the alleged contributory negligence of the appellee, and the question as to whether or not the appellee was a joint entrepreneur as contended for by the appellant with James Sutliff with whom the evidence shows he was riding. The jury, by its general verdict under the evidence, has decided all of these questions adversely to the appellant. Moreover, in order to satisfy ourselves we have examined the instructions given and we find that the jury was fully and fairly instructed.

We find no reversible error.

Judgment affirmed.