ROBINSON ET AL *v.* HILBRICH.

[No. 15,529. Filed November 6, 1935.]

*Norton & Norton, J. Wilton, Wilton J. Sherman* and *Hedman & Barr,* for appellant.

*Floyd R. Murray, Galvin, Galvin & Teeney,* for appellee.

DUDINE, C. J.—Leola Hilbrich Conn filed suit against appellants to establish a lost or destroyed last will of a decedent, and recovered judgment establishing such will.

Appellants' motion for new trial was overruled thereafter on March 15, 1935.

On June 10, 1935, appellants filed their transcript and assignment of errors in the office of the clerk of this court, which assignment of errors named "Leola Hilbrich" (not Leola Hilbrich Conn) as the sole appellee.

On October 4, 1935, Leola Hilbrich Conn filed a motion to dismiss the appeal, stating as a ground therefor that she was the plaintiff in said action and the person in whose favor the judgment was rendered, and she was

not named as party appellee as required by the rules of this court.

On October 10, 1935, two hundred nine (209) days after the motion for new trial was overruled, appellants filed a petition for leave to amend the assignment of errors by naming "Leola Hilbrich Conn" as appellee in lieu of "Leola Hilbrich." In said petition it is averred that appellee Leola Hilbrich and said Leola Hilbrich Conn are one and the same person, that appellee's maiden name was Leola Hilbrich and "after her marriage she adopted the name Leola Hilbrich Conn." The only excuse given for failure to set forth her name "Leola Hilbrich Conn," as appellee, in the assignment of errors, is that it occurred through inadvertence by a typographical error. Appellants further aver that the error was not noticed by them until September 30, 1935 (199 days after the motion for new trial was overruled).

We think the case of *Jenkins* v. *Steele* (1913), ██ 55 Ind. App. 11, 102 N. E. 139, is controlling here. As was said by this court in that case (p. 16) :

"Rule 6 of this court provides that the assignment of errors shall contain the full names of all the parties, and it has been uniformly held that a failure to set out the full name of all the parties to the judgment appealed from renders the assignment of errors defective and unavailing. The assignment of errors in this court constitutes the appellant's complaint, and the court only acquires jurisdiction over the parties whose names appear therein. The merits of the appeal cannot be determined where the party in whose favor the judgment was rendered is not before the court, and in such case it is the duty of the court to dismiss the appeal upon its own motion. . . . when a case is brought to an appellate tribunal, the first duty devolving on the court is to determine its own jurisdiction. If the assignment fails to present error relating to the judgment shown by the transcript, the court acquires no jurisdiction to decide any question except that relating to its own jurisdiction.

The assignment of errors must be made by the identical party or parties against whom the alleged erroneous judgment was rendered and against the party or parties in whose favor such judgment was rendered. If the judgment below is against one person and the error is assigned by another and different person, the court acquires no jurisdiction over the person against whom the judgment was rendered, and it becomes the duty of the court to dismiss the appeal whenever such want of jurisdiction is brought to its knowledge in any way." (Citing long list of authorities.)

Paraphrasing said last sentence so as to make the reasoning more applicable to the instant case, it would be as follows:

"If the judgment below is in favor of one person and the error assigned is against another person, the court acquires no jurisdiction over the person in whose favor the judgment was rendered, and it becomes the duty of the court to dismiss the appeal whenever such want of jurisdiction is brought to its knowledge in any way."

In that case this court quoted with approval from *Whisler* v. *Whisler* (1903), 162 Ind. 136, 67 N. E. 984, as follows (p. 144):

"In considering the sufficiency of an assignment of errors all ambiguities or uncertainties therein will be considered against the pleading. The court can not indulge any presumtions and thereby supply what the appellant by his pleading may have possibly or probably intended."

In *Jenkins* v. *Steele, supra,* judgment had been rendered against Leroy Jenkins. The assignment of errors named "Lee" Jenkins as the appellant. This court, on its own motion, dismissed the appeal because the assignment of errors did not contain the full name of the person against whom the judgment was rendered. Leroy Jenkins thereafter, after time for perfecting an appeal had expired, filed a petition for reinstatement of the cause on appeal, and asking permission to amend the

assignment of errors by substituting the name Leroy Jenkins as appellant in lieu of Lee Jenkins. In the petition it was averred that petitioner had been named Leroy at birth but "has been and is known by the name Lee, which is now his true name."

With reference to said petition this court said:

"The assignment of error in the name of Lee Jenkins presents no question relating to the judgment against Leroy Jenkins. . . .

"Appellant now seeks by the motion to reinstate to show by matter *dehors* the record . . . that Lee Jenkins is identical with Leroy Jenkins, . . .

"The question here is jurisdictional and to grant to appellant the right to amend his assignment at this time, as requested, would be equivalent to granting a new appeal, which would be a violation of the statute and contrary to the established rules of practice and numerous decisions of both our courts of last resort. Courts cannot arbitrarily ignore the rules of practice. The rule requiring the assignment of errors to give the full names of all the parties affected by the judgment from which the appeal is taken, is a necessary and wholesome rule which expedites business and furthers the ends of justice. The duly authenticated transcript gives the appellate tribunal its knowledge of the proceedings and judgment from which the appeal is prosecuted. From the very nature of the case, and by statute as well as by an unbroken line of decisions, courts are not permitted to go outside the record for such information, and to do so would open up a field of speculation and invite fraud that would take from judicial procedure that security, certainty and confidence which is absolutely essential to the due administration of justice."

We can see no material distinctions between that case and the case at bar. We note that in that case appellant's attention to the defect in his assignment of errors was called before the time within which an appeal could have been perfected had expired and appellant failed to correct the defect within said time. We note, too, that this court in that case said, "Under the decisions

of our courts, and on principles of justice, he (appellant) is guilty of laches which *would* deprive him of the right he now seeks of amending his assignment." (Our italics.)

This court said further, however, with reference to said appellant's failure to correct the defect in the assignment before the time for perfecting an appeal had expired, "Furthermore the statute limits the time for appeal to one year, and the decisions of our courts deny the right to amend an assignment of errors after the time has elapsed. Therefore it is not now in the power of this court to grant such right, for the amendment sought is vital and in effect the same as a new appeal." This court did not deny the petition to amend the assignment on the ground of laches on the part of said appellant, but denied the petition on the ground that the court has power to amend an assignment of errors, as to vital defects, only during the period of time during which an appeal may be perfected. In effect this court held that if it be assumed that the court had power to permit such amendment after the time for perfecting an appeal had expired, the court would have denied the petition on the ground of laches by appellant.

On authority of *Jenkins* v. *Steele, supra,* therefore, we hold that the assignment of errors in the case at bar presented no question relating to the judgment in favor of Leola Hilbrich Conn; that this court is not permitted to go to appellants' petition to amend the assignment, or outside the record, for information as to the judgment appealed from. The assignment of errors failing to show that this is an appeal from the judgment against Leola Hilbrich Conn in said cause, the appeal should be dismissed.

See *Carpenter* v. *Amoss* (1934), 99 Ind. App. 286, 192 N. E. 168.

Appeal dismissed.