DUFFY ET AL. v. HAYDEN ET AL.

[No. 17,086. Filed September 29, 1943. Rehearing denied November 4, 1943.]

*White & Haymond*, of Muncie, for appellants.

*Ward Marshal* and *Francis A. Shaw*, both of Muncie, for appellees.

CRUMPACKER, P. J.—This is an appeal by 35 freeholders whose lands were assessed for the cleaning and repair of a system of drainage ditches in Delaware County. The proceedings were instituted before the board of commissioners of said county and from a final order establishing the project the appellants appealed to the Delaware Superior Court where such appeal was dismissed upon motion of the appellees. The matter comes here upon the following assignment of errors:

"1. The court erred is sustaining appellees' motion to dismiss appeals of certain defendants. 2. The court erred in not overruling appellees' motion to dismiss appeals of certain defendants. 3. The court erred in dismissing the appeals of each of the appellants to the Delaware Superior Court."

It is obvious that by specifications 1 and 2 of said assignment of errors the appellants have stated the same legal proposition in different ways and from the use of the words "certain defendants" in both instances we infer that there are other "defendants" who are not complaining of the trial court's ruling on the motion to dismiss their appeals to the Delaware Superior Court and that such specifications of error are not being urged in their behalf. Which of the 35 appellants now seek relief by reason of said alleged error is not apparent. Rule 2-6 of the Rules of the Supreme Court, 1940 Revision, under which this appeal comes to us, provides that "each specification of error shall be complete in itself." This means that each specification of error must be so specific and certain as to clearly indicate the particular ruling on which it is based and the particular appellant, if there be others not complaining, who has been harmed thereby. *Louisville, New Albany and Chicago Railway Company* v. *Norman* (1897), 17 Ind. App. 355, 46 N. E. 702; *Mesker* v. *Bishop* (1914), 56 Ind. App. 455, 103 N. E. 492. Each assignment of error is a separate paragraph of the appellants' complaint in this court and when filed in behalf of one or more of such appellants, but not for all, it must clearly disclose which of them are complaining of the specific ruling indicated and in considering the sufficiency of such assignment of error all ambiguities and uncertainties must be construed against the pleading. The court cannot indulge

presumptions and thereby supply what the appellants may have intended by their pleading. *Robinson* v. *Hilbrich* (1935), 101 Ind. App. 54, 198 N. E. 120; *Whisler* v. *Whisler* (1904), 162 Ind. 136, 67 N. E. 984. It is impossible for us to determine from specifications 1 and 2 of the appellants' assignment of errors which of them are complaining of the trial court's ruling indicated therein and this uncertainty cannot be resolved by presumption based on information we may obtain from the record or briefs of counsel.

Specification 3 of the appellants' assignment of errors is not supported by any proposition, point or authority in their brief. Rule 2-17 (f) of the Rules of the Supreme Court, 1940 Revision, provides that the appellants' brief, under the heading "Propositions and Authorities" shall contain a copy of each assigned error relied on and "each assignment shall be supported by separately numbered proposition, concisely stating the basis of the objections to the ruling complained of." On page 118 of appellants' brief, under the heading "Propositions and Authorities," we find a copy of specification 3 of the assignment of errors as provided by the above rule. It is wholly unsupported by points of law or authorities, however, and in lieu thereof we are referred to the argument section of the brief at page 161 where there appears nothing more than the bald assertion of legal principles and alleged error without any reference to authority in support thereof. This falls far short of a compliance with the rule above referred to nor can we say that the purpose of the rule has been substantially served.

It is our opinion that appellants' assignment of errors presents no question for review and this appeal is therefore dismissed.

NOTE.—Reported in 50 N. E. (2d) 666.