WEST, ET AL. *v.* McKEON.

[No. 28,994.   Filed June 16, 1953.]

404

*David P. Stanton,* former Prosecuting Attorney, *Metro Holovacha,* Prosecuting Attorney, *Ivan A. Elliott,* former Attorney General of Illinois, *Latham Castle,* Attorney General of Illinois, *Ben W. Heineman, John D. Knodell, Robert F. Hanley,* and *Harry S. Ditchbourne,* Special Assistant Attorneys General, State of Illinois, for appellants.

*Herbert J. Morris* and *Morris Chudom,* both of Gary, for appellee.

BOBBITT, C. J.—This is an appeal from an order in a habeas corpus proceeding discharging appellee who was held in custody under .a warrant issued by the Governor of Indiana.

The application for writ of habeas corpus alleged that plaintiff (appellee) was illegally restrained and requested his discharge. Exceptions were filed to an amended return which alleged that plaintiff was being held in custody pursuant to a warrant issued by the Governor of Indiana and, as a part of said amended

return, defendants attached a copy of the following instruments:

1. Appointment of Angelo Bastone as agent of the State of Illinois.
2. Statement by the Governor of Indiana that a warrant had issued for the surrender of Patrick McKeon.
3. Warrant issued by the Governor of Indiana.
4. Request by state's attorney of Cook County, Illinois, to the Governor of Illinois, that said Governor issue a requisition to the Governor of Indiana for the return of Patrick McKeon.
5. Copy of the indictment charging Patrick McKeon with the crime of conspiracy, certified by the clerk of the criminal court, Cook County, Illinois, with certificates of Chief Justice and clerk of such criminal court.
6. Capias issued for Patrick McKeon upon the indictment.
7. Copy of the statute under which the crime in the indictment was charged.

To this amended return plaintiff filed his exceptions and as the sole grounds therefor stated:

1. That the requisition by the Governor of the demanding state was not made a part of the return.
2. That the indictment attached to the return was not properly authenticated by the Governor of the demanding state.

Neither the requisition nor the certificate of authentication by the Governor of Illinois was returned as a part of the amended return.

The determinative question here is: Did the failure to make such requisition and certificate a part of the amended return render it insufficient?[1]

---

1. Appellee does not question the sufficiency of appellant's assignment of errors.

The statute governing a return to an application for writ of habeas corpus provides:

"The return must be signed and verified by the person making it, who shall state:

"First. The authority or cause of the restraint of the party in his custody.

"Second. If the authority be in writing, he shall return a copy and produce the original on the hearing."

Section 3-1914, Burns' 1946 Replacement, Acts 1881, (Spec. Sess.), ch. 38, §787, p. 240.

The authority upon which appellee was restrained was the warrant issued by the Governor of Indiana. *Lawrence* v. *King* (1932), 203 Ind. 252, 256, 180 N. E. 1.

In *Martin* v. *Newland, Sheriff* (1925), 196 Ind. 58, 62, 147 N. E. 141, it is said, ". . . the statute[2] required that the sheriff should set out such requisition and warrant as parts of his return, and produce the original in court."

Section 3-1914, *supra,* provides that if the authority upon which the person is detained be in writing, a copy shall be filed with the return. As we have said, the governor's warrant is the authority upon which appellee herein was held and when a copy was filed with the return the requirement of the statute was satisfied.

Insofar as *Martin* v. *Newland, Sheriff, supra,* purports to require the setting out of the requisition of the governor of the demanding state as a part of the return to an application for writ of habeas corpus, it is overruled.

The amended return contains a copy of the governor's warrant.

2. Acts 1881 (Spec. Sess.) ch. 38, §787, p. 240, §3-1914, Burns' 1946 Replacement.

A demand for the extradition of a person charged with crime in another state must be in writing and accompanied by copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of any warrant which was issued thereon, and the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth. Acts 1935, ch. 49, §3, p. 134, §9-421, Burns' 1942 Replacement.

A copy of the governor's warrant filed with the amended return recites that a requisition by the Governor of Illinois directed to the Governor of Indiana and deposited in the office of the Secretary of State of Indiana demanded the arrest of Patrick McKeon and his delivery to Sergeant Angelo Bastone, the agent of the Governor of Illinois; that the requisition was accompanied by a copy of an indictment charging the person so demanded with having committed a crime within the jurisdiction of said state, and that such copy is certified as authentic by the Governor of Illinois.

The warrant is valid on its face and is prima facie evidence of the matters recited therein. This prima facie case could not be overcome by exceptions but must be done by answer. *Kemper* v. *Metzger* (1907), 169 Ind. 112, 121, 81 N. E. 663; *Hartman* v. *Aveline* (1878), 63 Ind. 344, 349, 30 Am. Rep. 217; *Robinson* v. *Flanders* (1867), 29 Ind. 10, 12; *Nichols* v. *Cornelius* (1856), 7 Ind. 611, 613.

Since the requisition and certificate of the Governor of Illinois were not a necessary part of appellants' (defendants') return herein, and the amended return was sufficient on its face, the trial court erred in sustaining appellee's (plaintiff's) exceptions thereto.

Judgment reversed with instructions to overrule ap-

pellee's (plaintiff's) exceptions and for further proceedings not inconsistent with this opinion.

Judgment reversed.

Gilkison, J. dissents with opinion in which Emmert, J. concurs.

## Dissenting Opinion

GILKISON, J.—I dissent to the majority opinion in this case for the following reasons:

First.

The only assignment of error in the appeal, omitting caption and signature, is as follows:

> "Now come respondents-appellants, by E. J. Wiltrout, John D. Knodell and Robert F. Hanley, their attorneys, and assign as error the final order of the Superior Court of Lake County sitting at Gary, Indiana, in the above entitled cause, in so far as that order:
>
> "1. Discharged the petitioner-appellee from restraint, detention and custody of the respondents-appellants; and
>
> "2. Refused to grant respondents-appellants leave to amend their return, on the ground that in those respects said final order is contrary to law."

This assignment is not sufficiently certain to present any question in this court. "Assignments of error to be available must be specific" and a general assignment presents no question. *Lawless et al.* v. *Harrington et al.* (1881), 75 Ind. 379, 381. *McGlennan* v. *Margowski* (1883), 90 Ind. 150, 153. *Gray* v. *Gray* (1931), 202 Ind. 485, 489, 176 N. E. 105. *Dye* v. *The State* (1891), 130 Ind. 87, 88, 29 N. E. 771. *May* v. *The State* (1895), 140 Ind. 88, 89, 39 N. E. 701. *Peel* v. *Overstreet* (1921), 190 Ind. 290, 291, 130 N. E. 113. *Warner* v. *Reed* (1916), 62 Ind. App. 544, 548, 113 N. E. 386.

Our courts frequently have stated the rule applicable

to such a general assignment of error, some of which cases in addition to the cases cited above, are as follows:

"It has frequently been said that the assignment of error is the complaint of the appellant, and each specification of error is a paragraph of complaint. The burden rests upon the appellant to present, by each specification, in definite and concise language, some ruling of the trial court urged as error." *May* v. *State* (1895), 140 Ind. 88, 89, 39 N. E. 701, 702 supra. *Duffy* v. *Hayden* (1943), 114 Ind. App. 125, 127, 50 N. E. 2d 666. *Helms* v. *Cook* (1916), 62 Ind. App. 629, 631, 111 N. E. 632.

"In considering the sufficiency of an assignment of errors all ambiguities or uncertainties therein will be construed against the pleading. The court cannot indulge any presumptions, and thereby supply what the appellant by his pleading may have possibly or probably intended." *Whisler* v. *Whisler* (1903), 162 Ind. 136, 144, 67 N. E. 984. *Robinson* v. *Hilbrich* (1935), 101 Ind. App. 54, 56, 198 N. E. 120. *Duffy et al.* v. *Hayden et al.* supra, page 127. *Helms* v. *Cook,* supra.

"It is the general rule, and one which has been strictly adhered to, that the appellant is confined to his assignment of errors as written, and that each error assigned must be so complete, specific and certain, as to clearly indicate the identity of the particular ruling upon which the error is predicated." *Mesker* v. *Bishop* (1913), 56 Ind. App. 455, 460, 103 N. E. 492, 105 N. E. 644. Sec. 2-3225 Burns' 1946 Replacement. Sec. 2-6 Rules Supreme Court of Indiana. *Walter A. Wood, etc., Mfg. Co.* v. *Angemeier* (1912), 51 Ind. App. 258, 260, 99 N. E. 500 and cited cases. *Shull* v. *Dunten* (1916), 62 Ind. App. 602, 604, 113 N. E. 381.

From the authorities noted above, it is obvious to me that appellants have presented no question for us to pass upon by their assignment of errors. Appellants have not copied in their briefs any part or parcel of their assignment of errors.

In addition to this, appellants have made no effort in

their brief to discuss the errors assigned. On the contrary they have completely abandoned the assigned errors and confined their discussion to other errors as follows:

> 1. "The court erred in sustaining the exceptions to the amended return", and
> 2. "The trial court erred in refusing to grant respondents leave to file a second amended return incorporating the written requisition of the governor of Illinois and that governor's authentication of the indictment."

It seems to me that this is not a discussion of the errors assigned. It has always been the rule in Indiana that the errors assigned and those discussed in the brief of appellants must be the same in order to have such errors considered. *Central of Georgia R. Co.* v. *Jeffery* (1901), 26 Ind. App. 143, 59 N. E. 330. *City of Greenfield* v. *Johnson* (1902), 30 Ind. App. 127, 129, 65 N. E. 542. *Debs* v. *Dalton et al.* (1893), 7 Ind. App. 84, 88, 34 N. E. 236. *McBride* v. *State ex rel. McKinley* (1933), 97 Ind. App. 305, 306, 186 N. E. 388.

Our appellate court has rather consistently held that if:

> "Appellant's brief does not contain a copy of his assignment of errors, or any statement concerning its contents . . .. Under the rules of this court, no question is presented concerning the same." *Milburn* v. *Waggoner* (1932), 94 Ind. App. 247, 250 and cases cited, 180 N. E. 606. *Howard* v. *Palmer* (1932), 94 Ind. App. 80, 179 N. E. 732.

It has been the universal rule of our court that:

> "A failure to discuss any assignment of error is, under the well settled practice of this court, a waiver of such assignment, and therefore, these alleged errors are deemed waived." *The Ohio and Mississippi Railway Company* v. *Nickless* (1881),

73 Ind. 382, 385. *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 592, 24 N. E. 2d 912. *Piety* v. *Ladson* (1934), 98 Ind. App. 345, 346, 189 N. E. 164.

The assignment of errors in no way questions the action of the trial court in sustaining the exception to the return to the writ. Yet that is the only proposition discussed in appellants' brief. Having omitted to assign any error thereon they may not be heard to complain thereof in this court.

The majority opinion fails to take notice of the absence of any assigned error presenting the question so discussed by appellants, and proceeds to determine the question of the court's action in sustaining the exceptions as though error had been so assigned. To me this is a gross error of our court. Since in addition to the specific case noted in the opinion it, by inference, overrules scores of cases that have been decided by our court down through the years, to this date, nullifies Sec. 2-3225, Burns' 1946 Replacement, *supra,* and Rule 2-6 of the Supreme Court, it makes this court a part *nisi prius* court in that we determine questions on appeal without complaint having been made by the losing party in manner and form as clearly provided by law.

No other question was even attempted to be determined by the majority opinion, and none other was attempted to be presented by the briefs or oral argument of appellants.

The judgment of the trial court should be affirmed.

Emmert, J., concurs.

NOTE.—Reported in 113 N. E. 2d 45.