KERSKI v. ST. JOHN'S HICKEY MEMORIAL HOSPITAL ET AL.

[No. 20,158. Filed January 6, 1966.]

*Jerrald O. Finney,* of Anderson, *Richard M. Givan,* of Indianapolis, and *Wagoner & Cochran,* of Marion, for appellant.

*John O. Campbell,* of Marion, *Vincent Kelley,* of Anderson, and *William B. Weisell,* of Indianapolis, for appellee, St. John's Hickey Memorial Hospital.

*Robert J. Austin,* of Anderson, for appellees, Alma Ilene Mack and Beverly Ann Ogden.

*Locke, Reynolds, Boyd & Weisell,* of Indianapolis, *Kelley, Arnold & Kelley* and *Stewart & Austin,* of Anderson, and *Campbell, Gemmill, Browne, Torrance & Sisson,* of Marion, of counsel.

ON APPELLEES' MOTION TO DISMISS OR AFFIRM

PER CURIAM.—In Part II of appellee's Motion to Dismiss or Affirm the following eight (8) specifications are contained, all of which are to demonstrate that appellant's brief does not constitute a good faith effort to comply with Rule 2-17 of the Supreme Court of Indiana.

"1. The concise statement of the record does not set forth the Assignment of Errors or the substance thereof, nor does it appear anywhere in Appellant's Brief.

"2. The condensed Recital of the Evidence in narrative form does not comply with Rule 2-17(d) in that it fails to include sufficient references to pages and lines of the transcript.

"3. The Argument in Appellant's Brief does not comply with Rule 2-17(e) of the Supreme Court in that it fails to concisely state the basis of the objection to the ruling or decision complained of, and does not exhibit clearly the points of fact and of law being presented or how they are applicable with citation of authorities relied upon.

"4. The Argument in Appellant's Brief does not comply with Rule 2-17(e) of the Supreme Court in that it fails to relate specific evidence in the record to alleged error, but instead states only conclusions and interpretations as to the evidence.

"5. The Argument in Appellant's Brief does not comply with Rule 2-17(e) in that it makes no attempt at application of the evidence to the issues formed in this cause by the Second Amended Complaint and the Answer, including but not limited to the specifications of negligence.

"6. The Argument in Appellant's Brief does not comply with Rule 2-17(e) in that it does no more than set out unapplied statements, ideas and suggestions of counsel that

the trial court erred in certain respects and fails to relate them to citation of authority.

"7. The Argument in Appellant's Brief does not comply with Rule 2-17(e) in that its citation of authorities are not related to the issues or applicable evidence but are stated in the abstract only.

"8. The concise statement of the record does not set forth the Praecipe nor the substance thereof."

In a close examination of appellant's brief we find that the allegations of said deficiencies are basically correct.

The first and most glaring deficiency is that appellant's brief fails to comply with Rule 2-17(d), (e) and (f) of the Supreme Court. While the Motion for New Trial is contained therein, it consists of approximately thirty-five (35) pages of argument and innuendo. There is no assignment of errors or even a reference as to where the same may be found in the transcript. While it is true that appellant under "Argument" urges errors "A" to "D," both inclusive, and attempts to apply the same to his Motion for New Trial, this Court cannot countenance the failure to set forth his said assignment of errors which serves in the nature of a complaint herein, as required by the said Rules.

In *Board of Med. Regist. and Exam., etc.* v. *Bowman* (1958), 238 Ind. 532, 534, 150 N. E. 2d 883, cited with approval in *Livingston, Administrator etc.* v. *Livingston, Trustee* (1961), 132 Ind. App. 572, 178 N. E. 2d 466, our Supreme Court said:

"In order to present error on appeal it must be specified in the assignment of errors, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17 (d). Without such compliance the Judges cannot give intelligent consideration to the issues in the appeal without resorting to the record, which the rules seek to avoid. When there has been such an omission, the judgment will be affirmed. *Hughes* v. *State Bank of W. Terre Haute* (1954), 124 Ind. App. 511, 512, 117 N. E. 2d 563; *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 405; *Witte*

v. *Witte* (1953), 123 Ind. App. 644, 646, 113 N. E. 2d 166; *Branson* v. *Branson* (1935), 100 Ind. App. 81, 193 N. E. 686; *McBride* v. *State ex rel. McKinley* (1933), 97 Ind. App. 305, 186 N. E. 388."

We also find a lack of good faith compliance with the rule as to indexing and sufficient transcript citations in appellant's brief, as well as failure to present clear, concise statements supported by applicable and applied authorities with cogent argument.

This Court is reluctant to dispose of an appeal on other than the merits. However, the defects found in appellant's brief preclude proper consideration of this appeal, and over six (6) months have elapsed since the filing of appellees' Motion to Dismiss or Affirm and appellant has made no effort to amend his brief to substantially comply with the rules of appellate procedure as set forth in Rule 2-17 of the Supreme Court: Thus, this appeal is affirmed.*

NOTE.—Reported in 212 N. E. 2d 782.

---

* Quite recently there has been filed herein a verified "Appellant's Petition for Order Directing Correction of Clerk's Certificate," apparently prepared and filed to meet Part I of appellees' Motion to Dismiss or Affirm which relies upon two (2) specifications attacking the sufficiency of the Certificate of the Clerk attached to the transcript of the record.

Inasmuch as our order of dismissal is based upon Part II of appellees' Motion to Dismiss or Affirm, containing eight (8) specifications as above set forth, no good purpose would be served in a discussion of the said Motion for an Order of Correction.